John C. Pegram et al., as Trustees, etc., Appellants and Respondents, *v.* The New York Elevated Railroad Company and The Manhattan Railway Company, Respondents and Appellants, Impleaded with Charles E. Butler.

147 135
147 374
147 686

147 135
d159 224

147 135
163 249

147 135
f169 ²165
169 ²182

147 135
172 ³414

1. Elevated Railroad — Abutting Property — Injunction. When the main relief sought in an action against an elevated railroad company is an injunction restraining the company from maintaining and operating its road in a street in New York city to the prejudice of the abutting property, the equitable nature of the action is not affected by the inclusion of a demand for past damages in the prayer for judgment.

2. Action for Injunction — Sale of Abutting Property — Reservation. When, on the trial of such an equitable action against an elevated railroad company, it appears, by proof of the plaintiff's conveyance of the fee of the abutting property to a third person, not a party to the action, that the legal title is no longer in the plaintiff or in any one before the court, the plaintiff is deprived of the right to relief by way of injunction against the company or of an award for damages to the property subsequent to his conveyance; and such deprivation of right to relief is not prevented by a reservation, in the conveyance from the plaintiff, of a right to the damages which had been or might thereafter be caused to the property because of the defendant elevated railroad, together with the right to use the grantee's name, either in a release of the easements in the street to the railroad company, or in any suit against it.

3. Damages — Waiver of Jury Trial. When, in such an action for an injunction with a prayer for damages, the defendant elevated railroad company has had knowledge of the plaintiff's conveyance of the abutting property for a long period before the trial, but has taken no steps to obtain a trial upon the law side of the court, and has suffered the plaintiff to proceed and give evidence upon the trial at an Equity Term without objection, it may be deemed to have waived the right to go to a jury on the question of past damages sustained by the plaintiff up to the time of his conveyance of the property; and, under such circumstances, the trial court, having jurisdiction both in law and equity, may settle the litigation between the parties, so far as entitled to do so, by an award of the rental damage sustained by the plaintiff while holding the legal title to the premises.

4. Damages. When, in such an action, the determination of the trial court on the question of the amount of damages sustained by the abutting property has been upheld by the General Term, such determination should be left undisturbed on appeal if made without gross violation or abuse of principle.

Reported below, 8 Misc. Rep. 425.

(Argued May 29, 1895; decided October 8, 1895.)

CROSS-APPEALS from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 7, 1894, which affirmed a judgment entered upon a decision of the court on trial at an Equity Term.

The plaintiffs brought this action in equity, to restrain the defendant railroad companies from maintaining and operating a railroad in front of the premises known as Nos. 202 and 204 Pearl street and No. 113 Maiden lane, in the city of New York; and they asked, also, for a judgment against the defendants for the damages sustained to the premises.

When the cause first came on for trial, at an equity term of the Superior Court of the city of New York, it appears that the defendants put in evidence a deed, made by the plaintiffs after the commencement of their action, by which the premises in question were conveyed to one Schortemeier and a motion was made to strike the case from the equity calendar. The trial judge so ordered and his order being affirmed at the General Term, the plaintiffs appealed to this court therefrom. Upon the consent of the defendants, however, an order was made in this court reversing the order of the Superior Court. When the present trial came on at an equity term again, no objection was made by the defendants to its proceeding there and nothing had been done before the commencement of the trial to obtain a trial by jury of the issues in the case. Upon the present trial the plaintiffs put in evidence the conveyance of the premises described in the complaint which had been made to Schortemeier  It contained the following provision:

"Said parties of the first part reserving to themselves and their successors all damages and claims for damages now or hereafter caused said property or the present and future owners thereof against the Manhattan Railway Company and the New York Elevated Railroad Company and their successors on account of the construction and the present, past and future maintenance and operation of the elevated railroad in Pearl street and Maiden lane, and the right to convey or release in the name of the said party of the second part or his assigns to said railway companies, or either of them, or their

successors, the easements in said streets now occupied and invaded by said railway companies, or either of them, and also the right to use the name of the party of the second part and his assigns (upon indemnifying them against costs) in any suit now or hereafter commenced against said railway companies, on account of the maintenance and operation of said elevated railroad in said streets, as now constructed, which right to use his and their names in such release, conveyance or suit, the party of the second part hereby contracts for himself and his assigns to allow to the parties of the first part."

The trial proceeded and upon the conclusion of the plaintiffs' case, the defendants moved to dismiss the complaint upon the ground that the plaintiffs had no interest in invoking the action of the court, inasmuch as they had no estate or right in the land and would not be capable of taking any benefit by injunction, if granted. The motion was denied and then the defendants gave their evidence in defense of the action. A judgment was ordered, which awarded to the plaintiffs the sum of $736.00 a year for the period of six years before the commencement of the action and until July 11th, 1889, which was the date of the conveyance to Schortemeier, as the damage inflicted upon the rental value of the premises. The injunction asked for in the complaint was denied; as were any damages sustained to the premises subsequent to July 11th, 1889. Both parties appealed to the General Term; where the judgment entered upon the order of the trial judge was affirmed and both parties now appeal to this court. The plaintiffs appeal because of the refusal of the trial court to grant their demand for an injunction against the maintenance and operation of the railroad, or any damages to the rental value of the premises from July 11th, 1889. The defendants appeal from so much of the judgment as awarded any damages to the plaintiffs.

*Roger Foster* for plaintiffs. The plaintiffs had the right to proceed with the suit and obtain an injunction, or in the alternative the value of the easement appropriated by the defend-

ant railway companies. (*McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *R. R. Co.* v. *Schutte*, 103 U. S. 118.) The plain- tiffs had the right to reserve the easement occupied by the railway companies and to enforce such reservation by a suit for an injunction. (*McGee* v. *City of Brooklyn*, 144 N: Y. 265; *J. R. R. Co.* v. *Ruggles*, 7 Ohio St. 1; *T. F. Co.* v. *Carter*, 61 Penn. St. 21; *Goodrich* v. *Burbank*, 12 Allen, 459; *Poull* v. *Mockly*, 33 Wis. 482; *Lonsdale* v. *White*, 21 Law Rep. 964; *De Witt* v. *Harvey*, 4 Gray, 486, 487; *Amidon* v. *Harris*, 113 Mass. 59; *Buffum* v. *Harris*, 5 R. I. 243; *Mayor, etc.,* v. *Law*, 125 N. Y. 380, 390, 392; *Price* v. *D. & S. P. R. Co.*, 17 Fed. Rep. 301; *White* v. *M. R. Co.*, 139 N: Y. 19; Lewis on Em. Dom. 763, § 594; *People* v. *M. S. R. R. Co.*, 3 Mich. 496; *Smith* v. *McAdams*, 3 Mich. 506; *Noll* v. *D. R. R. Co.*, 32 Iowa, 66; *Harris* v. *L., etc., Co.*, 9 B. Monr. 470, 472; *Crollery* v. *M. & S. L. R. Co.*, 30 Minn. 541; *Barlow* v. *C., R. I. & P. R. R. Co.*, 29 Iowa, 276; Rorer on Railroads, 322; *N. J. M. R. Co.* v. *Van Syckle*, 8 Vroom, 496; *Pollard* v. *Maddox*, 28 Ala. 321; *Chase* v. *S. M. Co.*, 4 Cush. 152; *C. H. & G. R. Co.* v. *Braden*, 110 Ind. 558; *Henry* v. *D., etc., R. R. Co.*, 2 Iowa, 288; *State* v. *Rives*, 5 Ired. [N. C.] 297; *Hatch* v. *C., etc., R. R. Co.*, 18 Ohio St. 92; *Nicoll* v. *N. Y., etc., R. R. Co.*, 12 N. Y. 121; *Paul* v. *C., etc., R. R. Co.*, 51 Ind. 527; *Davies* v. *S. L., K. C. & N. R. Co.*, 56 Iowa, 192; *Varner* v. *S. L. & C. R. R. Co.*, 55 Iowa, 677; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 N. Y. 423; *McRea* v. *L. B. & S. C. R. Co.*, 37 L. J. Eq. 267; *Rose* v. *Bunn*, 21 N. Y. 275; *French* v. *Carhart*, 1 N. Y. 96.) As regards the validity of the reservation, there is no distinction between the reservation of an easement and the reservation of a fee in a street. (*City of Schenectady* v. *Trustees, etc.*, 144 N. Y. 241; Code Civ. Pro. §§ 1910, 3258; *Dillenbeck* v. *Dygert*, 97 N. Y. 303, 311–313; *Holroyd* v. *Marshall*, 10 H. L. Cas. 191, 209; *City of Buffalo* v. *Pratt*, 131 N. Y. 293; *Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122; *Wynehamer* v. *People*, 13 N. Y. 378; *Leslie* v. *Lorillard*, 110 N. Y. 519, 533; *D. M. Co.* v. *Roeber*, 106 N. Y. 473,

482; *P. & N. R. Co.* v. *Sampson*, L. R. [19 Eq.] 462, 465.)
If such an interest as the plaintiff reserved is not assignable
nor capable of reservation at common law, this court, sitting
in equity, will construe the contract in accordance with the
plain intention of the parties, *ut res magis valeat quam
pereat*, and will hold it equivalent to an agreement that the
grantor shall have the right to use the grantee's name and
rights in a suit for an injunction and damages, and to appro-
priate the proceeds of such suit for his own benefit. (*Hol-
royd* v. *Marshall*, 10 H. L. Cas. 191; *In re Irving*, L. R. [7
Ch. Div.] 419; *Bergmann* v. *Macmillan*, L. R. [17 Ch. Div.]
423; *Haynes* v. *Thompson*, 80 Maine, 125; *Jones* v. *Mayor*,
90 N. Y. 387; *Powers' Appeal*, 62 Penn. St. 443; *Brown*
v. *Bateman*, L. R. [2 C. P.] 272; *Ex parte Games*, L. R. [12
Ch. Div.] 314; *Collyer* v. *Isaacs*, L. R. [19 Ch. Div.] 342;
*Rose* v. *Bunn*, 21 N. Y. 275, 278; *Dillenbeck* v. *Dygert*, 97
N. Y. 311; *Bolen* v. *Crosby*, 49 N. Y. 183; *Van Rensselaer*
v. *A. & S. R. R. Co.*, 1 Hun, 507; 62 N. Y. 65; *Ettinger*
v. *P. R. C. Co.*, 142 N. Y. 189, 193.) Since the plaintiffs
have reserved an equitable easement in gross, entitling them
to all damages to the land in the past and in the future by
reason of the maintenance of the defendants' elevated rail-
way, there is no reason why they should not enforce this in a
court of equity. (*Henderson* v. *N. Y. C. R. R. Co.*,
78 N. Y. 423; *Wheelock* v. *Noonan*, 108 N. Y. 179;
*Murdock* v. *P. P. & C. I. R. R. Co.*, 83 N. Y. 579;
*Galway* v. *M. E. R. Co.*, 128 N. Y. 131.) The defendants
could not avail themselves of the objection founded on the
conveyance by the plaintiff without pleading the same by a
supplemental answer, which they failed to do. (*Harrington*
v. *S. P. & S. C. R. R. Co.*, 17 Minn. 215; *Jackson* v. *Colden*,
7 Johns. 194; *Covell* v. *Weston*, 20 Johns. 414; *Hastings* v.
*McKinley*, 1 E. D. Smith, 273; *Rundle* v. *Little*, L. R. [6
Q. B.] 174; *Medbury* v. *Swan*, 46 N. Y. 200; *Holyoke* v.
*Adams*, 59 N. Y. 233.) The defendants waived their right
to this objection by entering upon the trial without raising it.
(Code Civ. Pro. § 1009; *Van Allen* v. *N. Y. E. R. R. Co.*,

144 N. Y. 174.) Whatever might be the rule were this a new suit begun subsequent to the grant, in which case it might be proper to have the grantee also made a party plaintiff or defendant, there was no need of this when the sale was made pending the suit, even if by such sale the grantor lost all right to more than the damages for the rental value up to the time of the sale, and the grantee is entitled to recover in the same suit the subsequent damages and the equitable relief. (*McGean* v. *M. E. R. Co.*, 133 N. Y. 9; Code Civ. Pro. § 756; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *McRae* v. *L. B. & S. C. R. Co.*, 37 L. J. Eq. 267; *Serft* v. *M. R. Co.*, 24 Abb. [N. C.] 64; *Cuff* v. *Dorland*, 7 Abb. [N. C.] 194; *Lawson* v. *Town of Woodstock*, 37 Hun, 352; *Hestres* v. *Brennan*, 37 Cal. 385; *Boyce* v. *Brockaway*, 31 N. Y. 490; *Arnold* v. *Keyes*, 5 J. & S. 135; *Emmett* v. *Bowers*, 23 How. Pr. 300; *Hall* v. *Olney*, 65 Barb. 27; *Denton* v. *White*, 23 Wis. 91; *Asher* v. *S. L. & W. S. R. Co.*, 89 Mo. 116; Story's Eq. Pl. § 156; Pom. Eq. Juris. 231–242; Fry on Spec. Perf. §§ 766, 966, 1266, 1271, 1274; *Cory* v. *T. I. W. & S. Co.*, 11 W. R. 589; *Meredith* v. *Wynne*, 2 Vernon, 402, 479; *Beedle* v. *Bennett*, 122 U. S. 71; *Clark* v. *Wooster*, 119 U. S. 322, 324; *W. A. B. Co.* v. *Carpenter*, 32 Fed. Rep. 484; *Kittle* v. *DeGraaf*, 30 Fed. Rep. 689; *Adams* v. *B. I. Co.*, 26 Fed. Rep. 324; *Brooks* v. *Miller*, 28 Fed. Rep. 615, 617; *Root* v. *R. Co.*, 105 U. S. 189; *Dillenbeck* v. *Dygert*, 97 N. Y. 303.) There is no force in the theory that an injunction should not be allowed merely as a menace. (*Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455.) The court has power to modify the judgment so as to award the plaintiffs the full relief to which they are entitled. (Code Civ. Pro. § 1317; *Outwater* v. *Moore*, 124 N. Y. 66; *Richardson* v. *H. Ins. Co.*, 15 J. & S. 138; *Bennett* v. *Lake*, 47 N. Y. 93; *Beach* v. *Cooke*, 28 N. Y. 508; *Hannay* v. *Pell*, 3 E. D. Smith, 432; *King* v. *Barnes*, 109 N. Y. 267; *Price* v. *Price*, 33 Hun, 432; *Wood* v. *Baker*, 60 Hun, 337.) The defendants have waived their right to object to the joining of Schortemeier as a party. (*Kirk* v. *Clark*,

Prec. in Chan. 275 ; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9 ;. Calvert on Parties, 82, 83 ; *M. Bank* v. *Seton*, 1 Pet. 299.) There can be no doubt that, if the reservation would not be enforced against the defendants, Schortemeier might have continued the suit in his own name had he moved for a substitution under section 756 of the Code. (*Shepard* v. *M. R. Co.*, 117 N. Y. 442 ; Code Civ. Pro., § 756 ; *Getty* v. *Spaulding*, 58 N. Y. 636 ; *Smith* v. *Zalinski*, 94 N. Y. 519 ; *Packard* v. *Wood*, 17 Abb. Pr. 318 ; *Sedgwick* v. *Cleveland*, 7 Paige, 287 ; Foster's Fed. Prac. § 186 ; *Ex parte Railroad Co.*, 95 U. S. 221 ; *Hewett* v. *Norton*, 1 Woods, 68 ; *Eyster* v. *Gaff*, 91 U. S. 521 ; *Ettinger* v. *P. R. & C. Co.*, 142 N. Y. 189.)

*Brainard Tolles* and *Julien T. Davies* for defendants. In respect to the denial of an injunction plaintiffs have no standing as appellants, because they are not "parties aggrieved" thereby within the meaning of section 1294 of the Code of Civil Procedure. (*People ex rel.* v. *Lawrence*, 107 N. Y. 607 ; *Bryant* v. *Thompson*, 128 N. Y. 434 ; *Bush* v. *R. C. Bank*, 48 N. Y. 659 ; *Hyatt* v. *Dusenbury*, 106 N. Y. 663 ; *Kiefer* v. *Winkens*, 3 Daly, 191 ; *Mills* v. *Hoag*, 7 Paige, 21 ; *Brewer* v. *Dodge*, 28 Mich. 360 ; *Galway* v. *M. E. R. Co.*, 128 N. Y. 132 ; *Cuyler* v. *Moreland*, 6 Paige, 274 ; *Kavanagh* v. *Barber*, 131 N. Y. 214 ; *Foote* v. *M. R. Co.*, 56 Hun, 481 ;. Goddard on Easements, 7, 8 ; Washb. on Easements [2d ed.], 9 ; *Wolfe* v. *Frost*, 4 Sandf. Ch. 72 ; *Parsons* v. *Johnson*, 68. N. Y. 62 ; *Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436 ;. *Kernochan* v. *N. Y. E. R. R. Co.*, 128 N. Y. 559 ; *In re S. E. R. R. Co.*, 83 Hun, 143.) The portion of section 756 of the Code of Civil Procedure, relied upon by the appellants, is. a mere regulation of practice intended for the benefit of transferees *pendente lite*. If not availed of by such a transferee no one else is in a position to complain. (*Peck* v. *Goodberlett*, 109 N. Y. 189 ; *Wisner* v. *Ocumpaugh*, 71 N. Y. 113 ; *M. A. Church* v. *O. S. Church*, 73 N. Y. 95 ; *Haffey* v. *Lynch*, 143 N. Y. 248 ; *Reid* v. *Vanderheyden*, 5 Cow. 733 ; *Mills* v.

*Hoag,* 7 Paige, 21 ; *Van Hook* v. *Throckmorton,* 8 Paige, 33 ;
*Smith* v. *Brittenhane,* 109 Ill. 549 ; *Brewer* v. *Dodge,* 28
Mich. 360 ; *Fulton* v. *Greacen,* 44 N. J. Eq. 443 ; Hawes on
Parties, § 106 ; *Garr* v. *Gomez,* 9 Wend. 654 ; *Mason* v. *Y.,
etc., R. Co.,* 52 Maine, 107 ; *Vila* v. *Merton,* 33 Conn. 49 ;
*Johnson* v. *Thompson,* 129 Mass. 400 ; *Tappan* v. *Smith,*
5 Biss. 73 ; *Senft* v. *M. R. Co.,* 24 Abb. [N. C.] 64 ;
*Cuff* v. *Dorland,* 24 Abb. [N. C.] 64 ; *Hestres* v. *Brennan,*
37 Cal. 385 ; *Lawson* v. *Town of Woodstock,* 37 Hun, 352 ;
*Boyce* v. *Brockaway,* 31 Hun, 490 ; Freeman on Judg. § 174.)
Even if section 756 is to be construed as conferring a substan-
tial right to continue the action upon a person who has trans-
ferred his cause of action, the present case does not fall within
it, because (a) the plaintiffs have not been prevented from
continuing the action ; (b) the cause of action for an injunc-
tion is not transferable. (*Galway* v. *M. E. R. Co.,* 128 N.
Y. 132 ; *Johnson* v. *Elwood,* 82 N. Y. 365 ; *Wallach* v. *M. R.
Co.,* 60 N. Y. S. R. 170.) Schortemeier was not prevented from
being a necessary party by the operation of the doctrine of *lis
pendens.* (Code Civ. Pro. §§ 756, 1670–1673 ; *Leitch* v. *Wells,*
48 N. Y. 609 ; Story's Eq. Pl. [9th ed.] 3156 ; Foster's Fed.
Prac. § 190 ; Beach. Mod. Eq. Prac. § 511 ; Daniell's Ch. Pr.
[2d Am. ed.] 1667 ; *Sedgwick* v. *Cleveland,* 7 Paige, 287 ;
*Henderson* v. *N. Y. C. R. R. Co.,* 78 N. Y. 423 ; *Tilson* v.
*Crawford,* 23 N. Y. S. R. 335 ; *Van Allen* v. *N. Y. E. R.
R. Co.,* 144 N. Y. 174 ; *Domschke* v. *M. E. R. Co.,* 74 Hun,
442 ; *Hartman* v. *M. R. Co.,* 82 Hun, 531 ; *Wallach* v. *M.
R. Co.,* 60 N. Y. S. R. 170.) Schortemeier was not prevented
from being a necessary party by the so-called reservation.
(*Newman* v. *M. E. R. Co.,* 118 N. Y. 618 ; *Bohm* v. *M. E.
R. Co.,* 129 N. Y. 576 ; *Sutro* v. *M. E. R. Co.,* 137 N. Y.
592 ; *Livingston* v. *M. E. R. Co.,* 138 N. Y. 76 ; *Saxton* v.
*N. Y. E. R. Co.,* 139 N. Y. 320 ; *Gray* v. *M. R. Co.,* 129
N. Y. 499 ; *Doyle* v. *M. E. R. Co.,* 136 N. Y. 505 ;
2 R. S. 756, § 1 ; 762, § 38 ; *Gillig* v. *Maas,* 28
N. Y. 212 ; *Edwards* v. *Maeder,* 31 N. Y. S. R.
126 ; *Wayne* v. *M. C. & B. Co.,* 5 N. J. Eq. 410.)

Plaintiffs cannot involve the defendants in a controversy as to the equities existing between themselves and Schortemeier. Defendants' only concern is with the legal title to the easements. (*Foote* v. *M. E. R. Co.*, 58 Hun, 478 ; 70 Hun, 598 ; *Mitchell* v. *M. E. R. Co.*, 134 N. Y. 9 ; *Korn* v. *M. E. R. Co.*, 59 Hun, 505 ; 129 N. Y. 648 ; *A. B. N. Co.* v. *N. Y. E. R. Co.*, 129 N. Y. 252 ; Code Civ. Pro. §§ 3360, 3361 ; Lewis on Em. Dom. §§ 317–321.) Schortemeier may have very good ground for contending that the so-called reservation is void or ineffectual. (*Andrew* v. *Newcomb*, 32 N. Y. 417 ; *Hart* v. *Taylor*, 82 N. Y. 373 ; Tiedeman's Eq. Juris. § 377 ; *Holroyd* v. *Marshall*, 10 H. L. Cas. 191 ; *People* v. *Van Alstyne*, 144 N. Y. 361 ; *Cassard* v. *Hinnmann*, 14 How. Pr. 84 ; *Irwin* v. *Williar*, 110 U. S. 499, 510 ; *Ruse* v. *M. B. L. Ins. Co.*, 23 N. Y. 516 ; *Fowler* v. *N. Y. I. Ins. Co.*, 26 N. Y. 422 ; *Freedman* v. *F. F. Ins. Co.*, 38 Barb. 247 ; *Shepard* v. *M. E. R. Co.*, 82 Hun, 527 ; *Craig* v. *Wells*, 11 N. Y. 321.) There is nothing in the history of the action or in the prior determination of this court inconsistent with the respondents' position. (*Rich* v. *N. Y. E. R. R. Co.*, 16 Daly, 518 ; *Pegram* v. *N. Y. E. R. R. Co.*, 39 N. Y. S. R. 349 ; *Webb* v. *Buckalew*, 82 N. Y. 555–560 ; *Easton* v. *Pickersgill*, 75 N. Y. 599 ; *Leonard* v. *Barker*, 5 Den. 220.) The judgment cannot be reversed for lack of a supplemental answer. (*N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 48 N. Y. 85 ; *Gray* v. *Barton*, 55 N. Y. 63 ; *Brett* v. *U. Society*, 63 Barb. 610 ; *Stanton* v. *Weatherwax*, 16 Barb. 259 ; *Mandeville* v. *Newton*, 119 N. Y. 10–14 ; *Griffin* v. *Todd*, 14 N. Y. Supp. 351 ; *Knapp* v. *Fowler*, 30 Hun, 515 ; *Reynolds* v. *Everett*, 144 N. Y. 189 ; *Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 384 ; *Huffey* v. *Lynch*, 143 N. Y. 248 ; *Peck* v. *Goodberlett*, 109 N. Y. 139 ; *Wisner* v. *Ocumpaugh*, 71 N. Y. 113 ; *M. A. Church* v. *O. S. Church*, 73 N. Y. 93.) The court did not err in refusing to award damages accruing after plaintiffs parted with their title. (*Kane* v. *M. E. R. Co.*, 42 N. Y. S. R. 415 ; *Hunter* v. *N. Y. E. R. R. Co.*, 141 N. Y. 281 ; *Siefke* v. *M. E. R. Co.*, 14 N. Y. Supp. 763 ; *Somers* v. *M. R. Co.*, 60 Hun, 148 ; *Kingsland* v. *K. C. E. R. Co.*, 83 Hun, 151.)

GRAY, J. So much has been written in this court, in the course of the litigation which has grown out of the efforts of abutting property owners to obtain from the elevated railroad companies compensation for the deprivation of those easements of light, air and access, which were appurtenant to their property, that I deem it unnecessary in the present case to say more than what is needful in order to dispose of the questions which the cross-appeals have raised. The general principles underlying these equitable actions have been elaborately discussed in many opinions and the right of the court, after deciding the complainant to be entitled to relief by way of injunction, to proceed to assess the damages sustained in the past, is firmly settled. If the court, sitting in equity, has gained jurisdiction of an action, wherein the main relief sought by the complainant is an injunction against the defendant, it will retain its control of the cause, generally, and, if it has happened that the acts of the defendant, which have been complained of and which are sought to be restrained, have caused, and will continue to cause, damage, the court may proceed in its own way to assess the damages sustained and to award judgment for them, as incidental to its grant of equitable relief by way of injunction. The court having the parties before it and, in order to prevent a multiplicity of suits and to settle up the whole matter in dispute, will so decree as to finally settle the whole controversy between them. When, as in the litigation connected with these elevated railroads, the court proceeds further and fixes the amount of the damage sustained to the fee of the property, which the defendant companies may pay in order to obviate the injunction, it does that which is a matter, not of strict legal right, but of equitable procedure and remedy, and which is resorted to by the court, that the corporation may acquire that legal right to maintain and operate its railroad in front of the complainant's property, which it might have acquired, had it proceeded in the beginning to condemn the property owner's rights under the law of eminent domain. The controlling idea, in the assumption by a court of equity of the authority to make a

complete decree in such cases, which shall finally settle the
respective rights and obligations of the parties, is, plainly, that
all the parties are before it and that its decree will be effectual
because operating upon all the parties who have any interest
in the subject-matter of the litigation.

In the present case, when the plaintiffs commenced this
action their complaint set forth but a single cause of action,
which was one purely for a court of equity ; inasmuch as the
main relief sought was an injunction against the defendants,
restraining them from maintaining and operating their ele-
vated railroad to the prejudice of the abutting property.
Their demand for past damages, included in the prayer for
judgment, did not affect or change the equitable nature of the
action, for reasons which heretofore have been set forth in
the *Lynch* case, (129 N. Y. 274), and in subsequent cases
following in the line of that decision.   The action, when it
reached the stage of a trial, was one which, on the pleadings,
was cognizable by a court of equity ; but when it appeared,
by the proof of the plaintiffs' conveyance of the fee of the
premises to a third party, that the legal title was no longer
in the plaintiffs, or in any one before the court, a condition
of things arose which deprived the plaintiffs of the right to
insist upon any relief by way of injunction against the defend-
ants ; because, in fact, they had no rights which the defend-
ants could injure, or which an injunction could protect ;
unless, as the plaintiffs claim, the reservation in the deed to
Schortemeier had the effect to reserve to them the easements
appurtenant to the premises, or, in some way, to give to them
an equitable standing in court with respect to them, which
would entitle plaintiffs to continue their action and to insist
upon their demand for equitable relief against the defendants.

The plaintiffs were not the owners of the fee of the land
occupied by the street and, when they parted with the legal
title to the property abutting upon the street, they parted with
every legal estate or interest.

In the reservation in the conveyance to Schortemeier, I find
merely a right reserved to the plaintiffs to have all the dam-

ages which had been, or might thereafter be, caused to the property, because of the construction, maintenance and operation of the elevated railroad; with the right to use the grantee's name, either in the release of the easement in the street to the railroad companies, or in any suit against them. If it could be assumed that the language of the reservation in the deed was sufficient to assign easements appurtenant to the property, such assignment would be absolutely ineffectual. The easements of an abutting owner in the street, which are invaded by the construction, maintenance and operation of an elevated railway, are appurtenant to his premises and, as it was said in the *Kernochan* case, (128 N. Y., at page 568), "in the nature of things they are indissolubly annexed thereto until extinguished by release or otherwise. They are incapable of a distinct and separate ownership." The right to enjoin the continuance of the trespass by the defendants upon those easements, could not be reserved upon the sale of the property. The right could only be possessed and enforced by its owner. (*Pappenheim* v. *Elevated R. R.*, 128 N. Y. 436.) He is the person solely interested in the preservation of the estate in the abutting property in all its integrity, with all the incorporeal easements, or rights and privileges appurtenant thereto and he is the only person whom the law could regard as injured by a continuance of acts on the part of the defendants, which affect property and prevent its full and fair enjoyment in those ways which would be possible, if the street were used as originally intended.

Nor can we, as the plaintiffs urge, for the purposes of the suit, hold that equity will consider the transaction as if no conveyance had been made and as though the title to the property still stood in the plaintiffs' name. The grant of the fee to Schortemeier was complete and the reservation did not operate to lessen that grant, while purporting to reserve to the vendors rights against the defendants as trespassers upon the easements which were appurtenant to the property sold. The situation brought about by the plaintiffs' conveyance of the

fee of their property to Schortemeier was that the legal title was not represented before the court and could not be bound by any decree which the court might make. There was a third person not a party to the suit, in whom were vested that legal title and the right to enforce or protect the easements appurtenant to the property. Those easements had never been conveyed, as the effect of the reservation in the conveyance. Nor had they been, in any sense, extinguished thereby. They remained, in all their integrity, still appurtenant to the property. But, as between the plaintiffs and Schortemeier, the reservation in the conveyance would, upon its face, operate to retain in, or confer upon, the plaintiffs certain rights which Schortemeier could not, or ought not to disregard. However strong the language of the reservation, or however effective might be deemed Schortemeier's testimony upon the trial to preclude him from thereafter claiming in derogation of the rights reserved to the plaintiffs in their conveyance to him, nevertheless, it is certainly apparent that a decree in an action to which he was not a party would not be conclusive upon him. There need be no question as to the right of the parties to agree to make such a reservation as this; but the effect of it, while certain in so far as it could not sever the easements from the land, was a question between them, in the disposition of which the concern of the defendants was that in any action relating to a damage to the property for invasion of its easements the legal owner should be bound by the result. The defendants, clearly, are entitled to have the holder of the legal title to the abutting property bound by a decree, which permits them, as a condition of being relieved from the injunction, to acquire the legal right of maintenance and operation by the payment of the sum of money fixed by the court as the due compensation to be made. If the plaintiffs had brought in Schortemeier as a party defendant in the action, the court would have been in a position to adjust the equities and rights of all the parties and to render a complete decree, which would have been binding upon each. The equities created or arising between the plaintiffs and Schorte-

meier, through the reservation in the deed, can only be effectively adjusted by his presence as a party to an action which had that as one of its objects. Standing, as the holder of the legal title, outside of the action, if the reservation in the plaintiffs' conveyance to him is operative to any extent, it may be deemed to make him, as the holder of the legal title, a trustee for the plaintiffs with respect to any damages which might be recovered of the defendants, for the injury occasioned to the rental and fee value of the property, through an action brought in his name, or wherein he was joined as a party. The trial court, therefore, in my judgment, committed no error in denying to the plaintiffs relief by way of injunction and in refusing to award damages from the date of their conveyance to Schortemeier. The result in the trial court did not necessarily deprive the plaintiffs of whatever legal or equitable rights were conferred by the reservation in their deed and, in a proper action, they remain to be enforced, unimpaired so far as the result of this action is concerned.

With respect to the appeal taken by the defendants, little need be said. In my judgment they waived any right to the trial by jury of the question as to past damages. Had they deemed such a trial necessary, or their legal right, they should have taken steps in that direction, either by way of supplemental pleadings, or by way of some timely objection to proceeding with the trial in equity. Although knowing of the existence of the plaintiffs' conveyance for a period long before the present trial, they took no step and they suffered the plaintiffs to proceed and to give evidence upon the trial without objection. Thereby they must be deemed to have waived the right to a jury trial; and it was too late to obviate the effect of that waiver by the motion to dismiss the complaint, or by the request for rulings of law at the conclusion of the trial. The Superior Court had jurisdiction, both in law and equity, and it was competent for the trial judge, sitting in equity and without objection being made to the trial in that part of the court, to retain control of the action and, within the rules of law and according to the proofs, to give the plaintiffs a

judgment for the damages sustained in the past. Had the objection been raised in a proper way, or at the proper time, I think the defendants could have insisted upon a trial upon the law side of the court, as to the damage which the plaintiffs had sustained up to the time of the conveyance of the property. But not having done so, it was not error for the court to settle the litigation between the parties as far as it was entitled to do so, by the award of the rental damage sustained by the plaintiffs while holding the legal title to the premises.

With respect to the amount of damages which the trial court awarded to the plaintiffs, I think there is no occasion to interfere with the judgment below. There was evidence showing that the occupation of the street by the defendants had injured the fee and rental values of property, and there was evidence respecting the property in question, which justified the award made to the plaintiffs. It cannot be said that the facts and figures shown by the evidence furnished no ground for the inferences upon the question of damage sustained to the fee which the trial court drew and which the General Term has sustained.

The determination of these questions is not without difficulty and that it should be left undisturbed, when made without a gross violation or abuse of principle, is the wise and settled rule.

The judgment appealed from should be affirmed; but, under the circumstances, without costs to either party.

All concur.

Judgment affirmed.