(4 App. Div. 30.) ·

### MOONEY et al. v. NEW YORK EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. April 17, 1896.)

PARTIES—SUBSTITUTION OF.

In an action by an abutting owner against an elevated railroad company, the complaint alleged title in plaintiff, and defendants, by answer, denied such title. It appeared that, after the. answer was filed, plaintiff conveyed the land, and defendants moved to dismiss the complaint as far as the impairment of fee value was concerned. *Held*, that it was error to grant a motion by plaintiff, in behalf of his grantees, that they be made parties plaintiff, and that all proceedings be amended · accordingly.

Appeal from superior court of New York City, trial term.

Action by Daniel Mooney against the ·New York Elevated Railway Company and others to recover damages to land owned by plaintiff, and abutting on a certain street, caused by the building and operation of defendant railway ·company's railroad on such street. Pending the action, plaintiff conveyed the land, and on his motion, during the trial, his grantees were made. parties plaintiff, and all the proceedings amended accordingly. From a judgment in favor of plaintiffs, entered after trial before the court without a jury, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Ezra A. Tuttle, for appellants.
E. D. Hawkins, for respondents.

VAN BRUNT, P. J.    This action was brought in November, 1890, by an abutting owner, to recover damages occasioned by the building and operation of the elevated railroad. The complaint alleged title to the premises in question; and the defendants put in an answer in January, 1891, denying such title. Upon the trial it

appeared that subsequently, in 1891, the plaintiff Mooney had conveyed a part of the premises in question to David Cohen, and the remainder thereof to Francis Scallion. A motion having been made by the defendants to dismiss the complaint upon this ground, as far as the impairment of fee value was concerned, the plaintiffs' counsel moved on behalf of said Cohen and Scallion that they might be made parties plaintiff in the action, and that all the proceedings might be amended accordingly. The court granted the motion, and the defendants' counsel duly excepted.

We are not aware of any provisions of the Code or rules of practice which permit the summary injection of parties into an action, such as was attempted in the case at bar. The defendants had put in issue the plaintiff's title. This made it necessary for the plaintiff to prove his title upon the trial if he was to succeed. By his own act, he had deprived himself of title, and of all right to equitable relief. It is undoubtedly true that by bringing in the grantees as parties defendant, as is suggested in the case of Pegram v. Railway Co., 147 N. Y. 135, 41 N. E. 424, the court would have been in a position to adjust the equities and rights of all the parties, and to render a complete decree, which would have been binding upon each. Of such action upon the part of the court, the defendants (appellants) would have been entitled to due notice, and an opportunity to be heard, of which the court had no right to deprive them. In the case at bar, it appearing that the plaintiff had parted with the title, the grantees were brought in as parties plaintiff without pleadings, without an amendment of the process by which the suit was commenced; and, in spite of the protest of the defendants, the trial proceeded. The case of Domschke v. Railroad Co., 148 N. Y. 343, 42 N. E. 804, affords no authority for any such procedure. In that case the evidence had been closed. It was then discovered by the defendants that the plaintiffs had conveyed the premises during the trial. The defendants then made a motion to open the case, which was granted so far as to allow the admission of the deed in evidence for the purpose of showing the present value of the premises, and no further,—a case entirely dissimilar to the one now under consideration. The defendants were not in a position in that case to insist that the grantee of the premises should be regularly brought in and made a party to the action. It seems to us that when, upon the trial, the plaintiff failed to prove title, if it was desired that the question of fee damage to the grantee might be determined in this action, it was error not to compel such grantee to be brought in, and make his plea and demand, which the defendants would have a right to answer before judgment was entered against them.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.