pounds of flax of his own raising, that the contract was clear and unambiguous in its terms, and not susceptible of change by proof of the negotiations which preceded it, and that the plaintiff could not recover for any less amount, and nonsuited the plaintiff; and the court, upon appeal, held that the words in question would not bear so inflexible a meaning as to exclude proof of extrinsic circumstances to aid in their construction, and reversed the ruling below.

A like view was taken in a similar question determined in Walrath v. Thompson, 4 Hill, 200.

Other cases might be cited illustrating the rule, but the doctrine laid down in them is elementary, and finds approval in 1 Greenl. Ev. §§ 288, 288a; Tayl. Ev. §§ 1194, 1198; Reyn. Steph. Ev. art. 91; Browne, Par. Ev. pp. 179–190, § 53; Id. pp. 190–195, § 54.

Numerous decisions have been cited by counsel for the defendants as authorities for the proposition that the promise made by the defendants, if any, would not permit the plaintiff to maintain an action upon it. It is often difficult to determine whether a promise is made for the benefit of a third person, and our decisions are not all in harmony. In this case the question turns upon a construction of the agreement, whether it was a contract of indemnity to the Randolph Lumber Company, or an agreement to pay the Randolph liabilities of the Randolph Lumber Company. If the former, of course, the action cannot be sustained; if the latter, it may. If parol evidence be competent to establish the promise, or rather to aid the court in determining, from the writing and surrounding circumstances, if one was made,—and I have held it is,—then the promise was for the benefit of the parties holding this class of obligations. A long line of cases running from Schemerhorn v. Vanderheyden, 1 Johns. 139, to Townsend v. Rackham, 143 N. Y. 516, 38 N. E. 731, illustrate the doctrine that, where a promise is made by one person to another, for the benefit of a third person, and the promisee is obligated to such third person, an action may be maintained by such third person upon the promise.

I must hold that the plaintiff is entitled to recover against the defendants the amount claimed in the complaint.

Argued before LEWIS, BRADLEY, WARD, and ADAMS, JJ.

James G. Johnson, for appellants.

Henderson & Wentworth, for respondent.

PER CURIAM. Judgment affirmed, on opinion of the referee, with costs.

---

OEHLER et al. v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

1. ASSIGNMENT—CAUSE OF ACTION FOR FUTURE TRESPASS.

　　Where plaintiff, pending an action for injuries caused by the construction and operation of defendants' elevated railroad in front of plaintiff's premises, conveyed the premises, but reserved his cause of action for the past, permanent, and fee damages, such reservation does not amount to an assignment to plaintiff of his grantee's claim against defendants for loss of rents during the grantee's ownership of the premises.

2. EQUITY—INCIDENTAL RIGHT TO RECOVER DAMAGES.

　　Plaintiff in such case, by the conveyance, parted with his right to equitable relief, and a claim for loss of rents accruing after the conveyance and assigned to him cannot be recovered therein.

Appeal from special term, New York county.

Action by Christian L. Oehler and others against the New York Elevated Railroad Company and another to enjoin the operation of defendant's elevated railroad in front of plaintiffs' premises, No.

1299 Third avenue, in the city of New York, and for damages. There was a judgment in favor of plaintiffs, and defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

James G. McMurry, for appellants.

W. G. Peckham, for respondents.

BARRETT, J. Upon the 28th day of April, 1892, the plaintiff Oehler conveyed the premises in question to one Emanuel. Oehler was then the sole plaintiff in this action. Emanuel agreed that Oehler might reserve his cause of action for past, permanent, and fee damages to the property caused by the defendants' railroad. Emanuel conveyed the premises to the plaintiff McManus upon the 28th of April, 1893, and upon the 16th of November, 1894, McManus conveyed them to the plaintiff Schonfeld. Emanuel was not made a party to the action. The trial court awarded damages to Oehler down to April 28, 1893, the date of Emanuel's deed to McManus. The theory of this award was, in substance, that the reservation above referred to amounted to an assignment to Oehler of Emanuel's claim against the defendants for loss of rents during the latter's ownership of the premises. This was erroneous. No cause of action for loss of future rents existed when the instrument of reservation was executed. Nor did the latter purport to assign any such cause of action. The instrument was simply an attempt to reserve Oehler's claims and causes of action against the defendants, notwithstanding the conveyance to Emanuel,—an attempt which was clearly ineffectual. Pegram v. Railroad Co., 147 N. Y. 135 (at page 146), 41 N. E. 424.

But, even if Emanuel's damages for the year of his ownership had been effectually assigned to Oehler, they were not recoverable in this equity action. Emanuel's damages were certainly not incidental to Schonfeld's right to restrain the continuance of the trespass. Schonfeld himself had no right to these damages, directly or indirectly, and he alone had the right to equitable relief. Oehler, as the original plaintiff, is permitted herein to recover for the loss of rentals during his period of ownership. This is an incident to the equitable relief granted in the action, and proceeds upon the theory of settling all matters in controversy from the commencement of the equity action until its termination. The cause of action in equity originated in Oehler, and is continued by his successor in interest. The doctrine which thus treats Oehler's damages as an incident to the equitable relief granted generally in the action does not, however, embrace outside claims to damages which never vested in Oehler as owner, but which may have been assigned to him by his successor in ownership. Emanuel's claim to damages during his period of ownership was, by his deed to McManus, severed from the equitable right to restrain the continuance of the trespass, and was not again united therewith. Possibly, it might have been united therewith if assigned to Schonfeld. It certainly could not be if assigned to one who had parted with his title, and thereby with his

right to equitable relief. It thus became a simple claim for damages at law, assigned to one who, apart from his position as original plaintiff in the equity action, possessed a similar claim at law, and nothing more.

It follows that the judgment, so far as it awards this particular item of damage to Oehler, was erroneous. It should be modified by deducting therefrom $75. This is the only point in the case calling for special consideration. The judgment in all other respects was proper, and should be affirmed, without costs of this appeal to either party. All concur.

