arisen in regulating the rights of parties to building contracts. Courts have been quick—perhaps at times overquick—to work out from the facts presented a waiver, on the part of the owner, of rights he would otherwise have had against the contractor, by reason of the nonfulfillment of the agreement, either as to the time of performance or the details of the work. But these cases have not assumed to nullify or disregard precise provisions deliberately put into the contract by the parties. They were generally based upon the finding of acquiescence as a fact. No such fact can here be found. Whatever the respective rights of the defendant and Kierst as to the work which had already been done, it is certain that the former was at liberty to discharge the latter at the time she did. To hold otherwise would be to declare the terms of the contract of no importance in a most material point, and to render it unsafe for any responsible man to enter into a contract for the erection of a building upon his land. If he did so, it would be with the assurance that, in case he for a single instant tolerated breaches by the contractor, he would be deemed to have forever waived them; and that if he refused to tolerate them beyond a certain point, and determined (when he could bear them no longer) to stand on what he might not unnaturally consider to be his legal rights, he would be liable in damages as one who had committed an unjustifiable breach of his agreement.

As the judgment must, for the reasons stated, be reversed, it becomes unnecessary to consider the second cause of action, upon the Morgan claim, as to which the evidence and findings may be entirely different upon a new trial.

The judgment should be reversed, the order of reference vacated, and a new trial ordered, with costs to the defendant to abide the event. All concur.

---

(13 App. Div. 380.)

### MOONEY v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. January 15, 1897.)

EMINENT DOMAIN—NECESSARY PARTIES—GRANTEE PENDENTE LITE.

A grantee is neither a proper nor necessary party to an action, commenced before the conveyance, by his grantor for an injunction and damages on account of the construction, maintenance, and operation of defendant's elevated railroad in front of the land conveyed, since the grantor is not entitled to equitable relief incident to the fee with which he has parted.

Appeal from special term, New York county.

Action by Daniel Mooney against the New York Elevated Railroad Company and others for injunction and damages. From an order granting a motion to join parties defendant, and for leave to make and serve a supplemental summons and complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Brainard Tolles, for appellants.
Eugene D. Hawkins, for respondent.

O'BRIEN, J.    This action was begun on the 1st day of December, 1890, to secure an injunction and damages on account of the construction, maintenance, and operation of the defendants' elevated railroad in front of premises which, at the date of the commencement of the action, the plaintiff alleged belonged to him.    This allegation of ownership was put in issue by the answer.    This is the third time that the question of Cohen and Scallion being made parties to the action has been before this court.    The first time was upon the defendants' appeal from final judgment.    It then appeared that subsequent to the commencement of the action, and in 1891, the plaintiff had conveyed a part of the premises to David Cohen and the remainder to Francis Scallion, who were not parties to the action; and, a motion having been made to dismiss the complaint upon this ground, as far as the impairment of fee value was concerned, the plaintiff's counsel moved and obtained permission to bring in Cohen and Scallion as parties plaintiff, and thereafter damages were awarded to both Cohen and Scallion by the judgment.    This judgment was reversed upon the ground that under the Code and rules of practice such a "summary injection of parties into an action" was not authorized.    4 App. Div. 30, 38 N. Y. Supp. 688. The second time the question was before the court upon a motion to make Cohen and Scallion parties plaintiff, which, having been denied below, the order to that effect was affirmed on appeal.    41 N. Y. Supp. 1123.    Thereupon a motion was made to bring them in as parties defendant, which was granted; and it is from this order that the present appeal is taken.

So far as Cohen is concerned, he was the owner of the property between April 5, 1891, and October 13, 1891, a period of six months and eight days.    He neither had nor claimed any interest in the property itself either at the commencement of the action or at the time of the motion.    Nor does plaintiff ask or seek to recover herein any past damages to which he might be entitled.    The only claim against the defendants which he could advance is one for past damages during the period of his ownership.    This is not a matter in which the plaintiff has or claims any interest, and, even if acquired by assignment or otherwise, it cannot be regarded as within the scope of the present controversy.    Oehler v. Railroad Co., 4 App. Div. 152, 38 N. Y. Supp. 1047.

With respect to Scallion, who at the present time owns the fee, another and more difficult question is presented, one which has been many times mooted and indirectly involved in these litigations, but has never been squarely passed upon, viz. whether, after the commencement of an action, where the grantor voluntarily conveys away the fee, the grantee, or the one to whom he subsequently conveys, is a proper or necessary party to the action.    It is conceded that the plaintiff here is not entitled to equitable relief, but, as an incident to the fee which he has parted with, that right passed to the grantee, who now holds the legal title to the property.    It has been held in these cases that the easements are appurtenant to the property, and cannot be severed, or exist separate and distinct from

the fee itself.    So that it must be regarded as settled by authority that  neither by a reservation in a deed nor by agreement could one who had parted with his title to the fee maintain an action for equitable relief upon the ground of the impairment of the easements, but that such right would pass to his grantee.    With respect to the damages which might be awarded as the outcome of the suit, instead of an injunction, this could be the subject of a contract or agreement between the parties, which could be enforced.

In Pegram v. Railway Co., 147 N. Y. 135, 41 N. E. 424, it appeared on the trial that the plaintiff had conveyed to a third person, not a party to the action, the fee, reserving a right to the damages which had been or might thereafter be caused to the property by the railroad, together with the right to use the grantee's name either in a release of the easements in the street to the railroad company or in any suit against it.    It was held that the plaintiff was deprived of the right to relief by way of injunction against the company, or by an award for damages to the property subsequent to his conveyance; and Judge Gray, writing the opinion, in speaking of the effect of such a reservation, says:

"If it could be assumed that the language of the reservation in the deed was sufficient to assign easements appurtenant to the property, such assignment would be absolutely ineffectual.    The easements of an abutting owner in the street which are invaded by the construction, maintenance, and operation of an elevated railway are appurtenant to his premises;  and as it was said in the Kernochan Case, 128 N. Y., at page 568, 29 N. E., at page 68, 'in the nature of things, they are indissolubly annexed thereto until extinguished by release or otherwise.    They are incapable of a distinct and separate ownership.'    The right to enjoin the continuance of the trespass by the defendants upon those easements could not be reserved upon the sale of the property.    The right could only be possessed and enforced by its owner. * * *    There need be no question as to the right of the parties to make such a reservation as this;  but the effect of it, while certain in so far as it could not sever the easements from the land, was a question between them, in the disposition of which the concern of the defendants was that in any action relating to a damage to the property for invasion of its easements, the legal owner should be bound by the results.    The defendants clearly are entitled to have the holder of the legal title to the abutting property bound by a decree which permits them, as a condition of being relieved from the injunction, to acquire the legal right of maintenance and operation by the payment of the sum of money fixed by the court as the due compensation to be made.    If the plaintiffs had brought in Schortemeier as a party defendant in the action, the court would have been in a position to adjust the equities and rights of all the parties, and to render a complete decree, which would have been binding upon each.    The equities created or arising between the plaintiffs and Schortemeier through the reservation in the deed can only be effectively adjusted by his presence as a party to an action which has that as one of its objects."

We have here an expression favorable to the view that, had the owner of the fee been joined as a party, the court would have been in a position to render a complete decree.    And in this very action, upon the appeal from the judgment, where the grantees of the plaintiff were made parties plaintiff, the presiding judge, writing the opinion, said (4 App. Div. 31, 38 N. Y. Supp. 689):

"It is undoubtedly true that by bringing in the grantees as parties defendant, as is suggested in the Case of Pegram, the court would have been in a position to adjust the equities and rights of all the parties and to render a complete decree which would have been binding upon each."

In the Pegram Case the point involved was as to the right of the plaintiff, who had parted with the fee pendente lite, to an injunction; and the expression quoted by the presiding justice was but a dictum, entitled, however, as coming from an eminent and learned judge of our highest court, to the greatest weight; and we should be inclined to follow it if its effect were not defined and limited by expressions of the same judge, and by the court of which he is a member, in later decisions.

Thus, in Foote v. Railroad Co., 147 N. Y. 375, 42 N. E. 183, Judge Gray, writing the opinion of the court, says:

"We had occasion quite lately in the Pegram Case to consider the effect of a reservation in a conveyance made pending a similar action to this, which was brought by a grantor to restrain the operation of the defendants' road. The reservation in the grant there was of such a nature that, were the easements in question capable of lawful assignment, it would have been effectual for that purpose. But the claim of the plaintiff in that case to be entitled, by virtue of the reservation in the grant, to the equitable relief demanded and the damages occasioned since the date of his conveyance of the property was denied. We there regard the person who was the owner of the abutting property as having the sole right to the street easements, and hence was solely injured by their unlawful appropriation, and was solely invested with the right to ask that the defendants' acts be restrained, and that they be compelled to make compensation to him for the taking of his property, as a condition of their right to be there."

This last case is authoritative, therefore, against any claim of right on the part of a grantor who has parted with the fee to maintain any litigation founded upon a claim for an injunction. If the plaintiff in such a case has no right in any event to recover a judgment of injunction, it is not clear upon what theory he can be allowed to bring in additional parties to the action upon the claim that they are necessary parties to a determination of his right to an injunction. And in Shepard v. Railroad Co., 82 Hun, 527, 31 N. Y. Supp. 537, affirmed 147 N. Y. 685, 713, 42 N. E. 726, which was an appeal from an order of the special term denying the application of a petitioner, who was a grantor that had conveyed the property with a reservation, to be made a party to the action, Presiding Justice Van Brunt, writing the opinion at the general term, said:

"It has been distinctly held that these easements cannot be severed from the principal estate so as to form the basis for the establishment of any right. It has been further held * * * that such a reservation as was contained in the appellants' deed left no right of action in favor of the grantor in the deeds containing such reservation. It is a well-established rule in our jurisprudence that an action must be brought in the name of the real party in interest, and the fiction of one party bringing an action in his own name to the use of another is no longer permitted."

Reading the Pegram Case in connection with the others referred to, we think there is authority for the propositions (1) that a plaintiff who has parted with the fee has no right to an injunction, and can in no event recover a judgment, nor be permitted to appeal from the denial of such judgment; and (2) that he has no interest in any controversy between a subsequent grantee and the defendant railway companies respecting the granting of an injunction. The conclusion which flows from this proposition is that in the

plaintiff's present action the subsequent grantees are not necessary parties defendant.

There are a number of cases growing out of these litigations between the abutting property owners and the elevated railroad companies, in which, as we have said, the question has been collaterally involved and discussed. Some of these were actions brought by the owner of the fee, in which were joined as parties those entitled to past damages; e. g. Shepard v. Railway Co., 117 N. Y. 442, 23 N. E. 30, wherein it was suggested that seemingly, in such an action, the presence of all parties interested in the subject of the suit, and whom the provisions of the decree therein might affect, is proper, if not actually necessary. These cases, however, we do not deem it necessary to consider, contenting ourselves with one additional reference to the case of Van Allen v. Railway Co., 144 N. Y. 174, 38 N. E. 997. There, after the commencement of the action, the plaintiff sold and conveyed the premises, retaining no interest in them, and without in terms reserving the cause of action. In ignorance of this fact of sale and conveyance, the defendant's counsel entered into a stipulation referring the issues in the action. On the trial before the referee a motion was made to dismiss the complaint because of the conveyance, on the ground that the only claim the plaintiff had after the conveyance was for past damages, and for this he had an adequate remedy at law. The motion was denied, and upon appeal to the court of appeals it was held that this was no error; that the plaintiff was entitled to recover damages up to the time of sale; one judge dissenting, and three others concurring in the result, they holding that the principle that a court of equity, having once obtained jurisdiction, could not be deprived thereof, upon the ground that the sole ground upon which plaintiff could invoke that equity had ceased to exist, so long as there remained any injury to be redressed, although as to that there might be an adequate remedy at law, did not apply where the party, by his own voluntary act, had withdrawn from the case the main fact which originally was the ground upon which equity jurisdiction attached; but holding that by virtue of the stipulation the action was properly proceeded with. The question there was as to the right of a court of equity to proceed and award damages after the plaintiff had parted with the property, the possession of which was his sole ground for asking equitable relief; and the question before us, as to the right to bring in the grantee as a necessary party, was not involved. That case is distinguishable from the one at bar in two principal features: (1) In that there was a stipulation referring all the issues; and (2) that there was no reservation in the deed. We have seen, however, that a reservation in a deed confers no right to equitable relief upon one who has parted with the fee.

Apart, therefore, from the right, as between the parties themselves, to the deed or agreement of reservation, it is certain that upon a conveyance there remains in the grantor but a right of action at law for past damages, and in the grantee a right of action

for equitable relief by way of injunction; and these are entirely separate and distinct. And it is now settled that, where one is entitled to equitable relief, he may have an award of damages, because such are deemed to be incidental to such relief; and where there are persons other than the plaintiff entitled to some portion of such damages, there is no insuperable objection to a complete determination of the legal rights of all the parties then before the court. The principle, however, sustaining such practice is not applicable to a case where, at the time of the trial, it appears that the plaintiff, by his own voluntary act, has abandoned the sole ground upon which his right to equitable relief depends, so that at that time such right has ceased. We do not know of any principle which thus far has sanctioned two different and distinct rights, one legal and the other equitable, which exist in favor of different and distinct persons, being united and litigated in a single action, against the objection and protest of any of the parties to be affected by the judgment to be entered in such action. Nor do we think that the mere delay or inconvenience involved in bringing separate actions a sufficient argument to justify our establishing such a precedent. We have already held, in effect, upon the former appeal, taken from the order denying the motion made to bring in these same persons as parties plaintiff, that this should not be done, because they had no such interest in the subject of the controversy pending between the plaintiff and the defendants as made them necessary parties plaintiff. In an equity case, the distinction between parties plaintiff and parties defendant, being one of form, affecting no substantial interest except as to costs, is seldom made. While, therefore, we denied the right of these third persons, on their own applications, to be made parties plaintiff, we fail to see upon what prin- ciple the court would be justified in bringing them in, upon the application of the plaintiff, as parties defendant. In either case, the question of their being made parties at all must necessarily depend upon whether they had or had not an interest in the subject of the pending action, which, if they had, entitled them, as a matter of absolute right, to be brought in; and, as we have said, whether as plaintiffs or defendants was immaterial. We think, therefore, that it would be inconsistent, after having refused on their own petition to allow them to come in as parties plaintiff, to require these third parties to appear upon plaintiff's motion as parties defendant, the purpose sought being to confer upon the plaintiff, who at the time of the trial had no equitable cause of action, the benefits or advantages which would result to him as incidental to the main equitable relief, which, concededly, belongs to another.

We think, therefore, that the order was erroneous, and should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.