John E. Domschke, Appellant and Respondent, v. The Metropolitan Elevated Railway Company and The Manhattan Railway Company, Respondents and Appellants.

1. Trial by Court or Referee — Opening Case for Additional Proofs. When both parties on a trial by the court or referee announce that the proofs are all in, and the court or referee, acting upon this, adjourns the hearing to some future day for the purpose of hearing argument, neither party has any legal right to recall his action or to have the case opened for the purpose of giving other or additional proofs; and, *it seems*, that an error of law cannot be predicated upon a refusal to permit such an opening of the case.

2. Record on Appeal — Objection of Successful Party. The mere fact that a record on appeal is silent concerning an objection from the successful party does not enable the defeated party, by whom the record was made up, to allege legal error with respect to a ruling, on the ground that the question was not raised for decision in the usual and proper way.

3. Elevated Railroad — Action for Injunction — Opening Case after Close of Testimony — Refusal to Admit Evidence of Transfer of Title. When, after the close of the testimony and the appointment of a date for argument and final submission, in an action by an abutting owner against an elevated street railroad company for an injunction and damages, tried before a referee, in which the title of the plaintiff has been sufficiently established to furnish a basis for the relief sought, the defendant applies to open the case and put in evidence a deed of the premises made by the plaintiff to a third party during the pendency of the action, but not discovered by the defendant until after the close of the testimony, the referee has power, on opening the case, to restrict the effect of the deed to evidence on the question of value only, and to refuse to admit it generally or as evidence of conveyance of title; and such action on the part of the referee does not constitute an error of law calling for the reversal of a judgment awarding the plaintiff an injunction and fee, as well as rental, damages.

43

4. PROTECTION AGAINST CHANGE -IN TITLE OF ABUTTING PROPERTY. The action of a referee in refusing to admit, after the close of the testimony, evidence of a change of title from the plaintiff during the pendency of an action brought by an abutting owner to enjoin the operation of an elevated railroad, cannot be deemed unjust or unreasonable, when the judgment awarded the plaintiff affords the defendant adequate protection as against the plaintiff's grantee, by providing for the delivery of a grant of easements to the defendant by the plaintiff and all persons having an interest in or lien upon the premises in suit, upon tender of payment of the fee damage.

5. CHANGE IN TITLE OF ABUTTING PROPERTY DURING PENDENCY OF ACTION. When, in an action brought by an abutting owner to enjoin the operation of an elevated street railroad, the defendant seeks to defeat the right to relief by reason of some change in the title which has occurred in the final stages of the litigation, that cannot affect the ultimate liability, and from which the defendant has adequate protection, the trial court or referee is justified in holding the defendant to strict practice.

6. SECONDARY EVIDENCE. The exclusion, on the trial of an action against an elevated railroad to recover damages to abutting property, of the testimony of a former owner of the premises in suit as to rents received from the property when owned by him, does not constitute reversible legal error, where it appears that the witness did not collect or fix the rents himself, and that his knowledge must, in some degree at least, have been based on information derived from an agent, who was not called and whose absence was not explained.

*Domschke* v. *M. E. R. Co.* (74 Hun, 442), reversed.

(Argued January 23, 1896; decided January 31, 1896.)

CROSS-APPEALS from a judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 26, 1894, which modified, and affirmed as modified, a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to restrain the operation and maintenance by defendants of their elevated railroad in front of plaintiff's premises, Nos. 1166 and 1168 Second avenue, in the city of New York, and to recover the damages caused thereby. The action was begun April 20, 1890, and was tried before a referee, who awarded the plaintiff $611.49 as damages to the property arising from the operation of the road between the date when the plaintiff acquired title, which was May 1, 1884, and the date of the conclusion of the trial, January 26, 1893,

and directed that a judgment be entered therefor, and also that the defendants be restrained from further operating the road, unless, within ninety days from notice of entry of judgment, they tendered to the plaintiff $1,000, which was found to be the damage to the fee value, together with interest from the last day of the trial, for the right to maintain and operate the road in the future, provided the plaintiff and all persons having an interest in or lien upon the premises executed to the defendants a grant of the right to maintain and operate the road.

Judgment was entered upon the report of the referee May 4, 1893, and the defendants appealed therefrom to the General Term, where the judgment was modified by striking out the provisions awarding fee damages and an injunction, and affirmed as so modified, that is, as to the past or rental damages only. From the judgment of General Term both parties have appealed to this court — the plaintiff from so much thereof as modified the original judgment, and the defendants from so much thereof as affirmed any part of the original judgment.

Additional facts are stated in the opinion.

*A. B. Cruikshank* for plaintiff. The order of the General Term, in so far as it strikes out the fee damage allowed plaintiff by the referee, was founded solely upon a supposed error of law. If the record does not show that the referee committed an error of law, then his judgment must be affirmed and that of the General Term reversed. (Code Civ. Pro. § 1338; *Davis* v. *Leopold,* 87 N. Y. 620.) The referee committed no error of law in making an award of fee damage. (*Foot* v. *Ætna L. Ins. Co.,* 61 N. Y. 571; *Wolstenholme* v. *Wolstenholme F. M. Co.,* 64 N. Y. 272; *Ehrichs* v. *De Mill,* 75 N. Y. 370.) The General Term erred in giving to the deed in question the effect of proof of a conveyance of the premises by plaintiff. (*McSwyny* v. *B. & S. A. R. R. Co.,* 27 N. Y. S. R. 363; *Marvin* v. *B. I. M. Co.,* 55 N. Y. 547; *Ogden* v. *Alexander,* 140 N. Y. 362; *Corser* v. *Russell,* 20 Abb. [N. C.] 316.)

The admission of the deed in evidence at the close. of the case would not, under any circumstances, make such a record as to require the dismissal of plaintiff's claim for fee damage. (*Medbury* v. *Swan*, 46 N. Y. 200; *Holyoke* v. *Adams*, 59 N. Y. 233; *Spears* v. *Mayor, etc.*, 72 N. Y. 442; *Styles* v. *Fuller*, 101 N. Y. 622; *McGean*.v. *M. E. R. Co.*, 133 N. Y. 9; Code Civ. Pro. § 756; *Cuff* v. *Dorland*, 7 Abb. [N. C.] 194; *Boyce* v. *Brockway*, 31 N. Y. 490–492; *Wood* v. *Kroll*, 43 Hun, 328–330; *Ford* v. *David*, 1 Bosw. 569, 600; *Arnold* v. *Keyes*, 5 J. & S. 135; *Lawson* v. *Town of Woodstock*, 37 Hun, 352; *Senft* v. *M. R. Co.*, 29 N. Y. S. R. 519; *Williams* v. *Ingersoll*, 89 N. Y. 525.)

*Brainard Tolles* for defendants. The General Term had power to render the judgment which the referee should have rendered upon the undisputed facts. (*Jackson* v. *Andrews*, 59 N. Y. 244; *King* v. *Barnes*, 109 N. Y. 283; *Schuyler* v. *Curtis*, 147 N. Y. 434; *Smith* v. *Rathbun*, 88 N. Y. 666.) Plaintiff is not aggrieved by the portion of the judgment of the Supreme Court from which he appeals, within the meaning of section 1294 of the Code of Civil Procedure. (*People ex rel.* v. *Lawrence*, 107 N. Y. 607; *Bryant* v. *Thompson*, 128 N. Y. 434; *Bush* v. *R. C. Bank*, 48 N. Y. 659; *Hyatt* v. *Dusenbury*, 106 N. Y. 663; 128 N. Y. 149; *Kiefer* v. *Winkens*, 3 Daly, 191; *Mills* v. *Hoag*, 7 Paige, 21; *Brewer* v. *Dodge*, 28 Mich. 360; Code Civ. Pro. § 1296.) There was evidence that plaintiff had parted with his title. (*Porter* v. *M. E. R. Co.*, 120 N. Y. 284; *People ex rel.* v. *McCarthy*, 102 N. Y. 638.) A supplemental answer was unnecessary; or, if necessary, was waived. (*Reynolds* v. *Everett*, 144 N. Y. 189; *Gray* v. *M. R. Co.*, 128 N. Y. 499; *Thomas* v. *M. M. P. Union*, 121 N. Y. 52; *McHenry* v. *Jewett*, 90 N. Y. 62; *Haffey* v. *Lynch*, 143 N. Y. 241; *Peck* v. *Goodberlett*, 109 N. Y. 189; *Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348; *Avery* v. *Starbuck*, 16 Civ. Pro. Rep. 396; *Bate* v. *Fellows*, 4 Bosw. 638; Foster's Fed. Eq. Prac. § 154; *Kelsey* v. *Hobby*, 16 Pet. 269; *Pegram* v. *N. Y. E. R. Co.*,

147 N. Y. 135 ; *Filson* v. *Crawford,* 23 N. Y. S. R. 335 ; *Reid* v. *Vanderheyden,* 5 Cow. 733 ; *Mills* v. *Hoag,* 7 Paige, 21 ; *Van Hook* v. *Throckmorton,* 8 Paige, 33 ; *Smith* v. *Brittenham,* 109 Ill. 549 ; *Brewer* v. *Dodge,* 28 Mich. 360 ; *Fulton* v. *Greacen,* 44 N. J. Eq. 443 ; *Gray* v. *Barton,* 55 N. Y. 68 ; *Corser* v. *Russell,* 20 Abb. [N. C.] 316 ; *Mandeville* v. *Newton,* 119 N. Y. 10 ; *Griffin* v. *Todd,* 14 N. Y. Supp. 351 ; *Ely* v. *Cook,* 9 Abb. Pr. 366.) Plaintiff, having parted with his title to the property, was not entitled to an injunction. (*Pegram* v. *N. Y. E. R. Co.,* 147 N. Y. 135.) The referee erred in excluding proof of the rent received by the former owner from the premises in suit prior to the building of the elevated road. (*Austin* v. *Holland,* 69 N. Y. 571 ; *Turner* v. *Kouwenhoven,* 100 N. Y. 115 ; *Bogert* v. *Morse,* 1 N. Y. 377 ; *Lake* v. *Tysen,* 6 N. Y. 461 ; *Cary* v. *White,* 59 N. Y. 336 ; *Bergmann* v. *Jones,* 94 N. Y. 58.) The referee erred in admitting proof of the course of rents of other property on Second avenue. (*In re Thompson,* 127 N. Y. 463 ; *Huntington* v. *Attrill,* 118 N. Y. 365 ; *People ex rel.* v. *McCarthy,* 102 N. Y. 630, 638 ; *Blanchard* v. *N. J. S. Co.,* 59 N. Y. 292 ; *Jamieson* v. *K. Co. E. R. Co.,* 147 N. Y. 322 ; *Brush* v. *M. E. R. Co.,* 44 N. Y. S. R. 111 ; *Colton* v. *N. Y. E. R. Co.,* 7 Misc. Rep. 626 ; *Hart* v. *B. E. R. R. Co.,* 89 Hun, 82 ; *Roberts* v. *N. Y. E. R. Co.,* 128 N. Y. 455.)

O'Brien, J. Both parties have appealed to this court from the judgment entered upon the report of the referee and the modification thereof by the General Term. The defendants' appeal rests upon certain exceptions taken at the trial, and the plaintiff's upon the modifications made by the General Term whereby the provisions of the judgment awarding fee damages and an injunction were stricken out. It appears from the record that the testimony on both sides closed on the 26th of January, 1893, and two weeks were given to counsel by the referee to submit briefs and requests for findings, the final submission to be made February 9, 1893. On the day so

appointed for the submission, the defendants' counsel gave notice of a motion before the referee, to be heard on the following day, to open the case and be permitted to put in evidence a deed from the plaintiff to a grantee named therein, dated January 16, 1893, acknowledged and recorded January 20, 1893. This deed purported to convey the premises described in the complaint, and it appeared by the affidavit of counsel for the defendants that the existence thereof did not come to his knowledge until February 7, 1893. On the 24th of February, 1893, the referee made an order in the action granting the defendants' motion to open the case and giving leave to the defendants to put the deed in evidence but for the purpose only of showing the value of the premises in question. The ruling was that the deed might be admitted so far as it tended to show the value of the property at the date of its delivery and for no other purpose, and with no other effect. Subsequently the parties appeared before the referee and defendants' counsel produced the deed and offered the same in evidence. The case states that it was admitted by the referee for the purpose of showing the consideration so far as it tends to show the same, but not for any other purpose or with any other effect. The defendants' counsel excepted to the ruling refusing to admit the deed as evidence of the conveyance of the title from the plaintiff.

Subsequently, on the 3d of May, 1893, the referee made and delivered his report, in which he found for the plaintiff generally, and found that the plaintiff then was and had been, during the times stated in the complaint, the owner of the premises, to which finding the defendants excepted. He refused, upon the defendants' request, to find that the plaintiff had conveyed the premises by the deed in question, and to such refusal there was an exception.

The deed appears in full in the record, and the learned court below has held that full effect should have been given to it as a conveyance from the plaintiff by the referee, and that the finding and refusal to find as to the title was error. It does not appear from the order of the General Term that its

action proceeded upon the facts of the case or upon the exercise of any discretionary power on the part of the referee, and we must, therefore, assume that the modification rests upon a legal error committed in disregarding the deed as a conveyance divesting the plaintiff of his title to the premises, which was the subject of the controversy.

We think that the referee had power, upon an application by the defendants, to open the case and give further testimony to restrict such testimony or its legal effect to the question of value, and to thus limit the effect of the deed as evidence. The application was addressed to his sound discretion. He could have refused the application entirely or he could have permitted the defendants, as in legal effect he did, to give further proof of value and to restrict that proof, whatever its nature, to that question. The title of the plaintiff, so far as it was important as a basis for the injunction, or for the rental or fee damage, had been established and the defendants, at this stage of the case, had no absolute legal right to give proof to change the plaintiff's relations to the property as they existed or appeared when the testimony was closed. There was no application made on the part of the defendants to interpose by supplemental answer a fact which transpired or became known subsequent to the close of the case and which transferred the title to another who was not a party. It is urged that such a pleading was not necessary, and this contention is probably correct since the measure of the plaintiff's relief was to be determined by the situation existing at the close of the litigation. But the power of the referee to refuse in his discretion to re-open the case did not depend upon the state of the pleadings. When both parties at the trial announce that the proofs are all in, and the court or referee, acting upon this, adjourns the hearing to some future day for the purpose of hearing argument, neither has any legal right to recall his action or to have the case opened for the purpose of giving other or additional proofs. The case has, then, in the regular and orderly course of procedure, passed the stage when the examination of witnesses and the presentation of evidence is in

order, and while the court may and often does permit the parties to return to it and give further evidence I am not aware that it ever has been held to be an error of law to refuse. It is said that there was no objection by the plaintiff to the admission of the deed as evidence in the case generally, and it is true that the record does not show that there was. But the plaintiff having succeeded in the action the record on appeal was made up by the defendants and would not contain the objections of the successful party. The plaintiff's counsel insisted upon the argument that the application to open the case was opposed by him, and when the deed was offered it was objected to, and he supports this position by his affidavit. While we are bound by the record as made up and certified, it can reasonably be inferred from the language of the order and from the subsequent proceedings, that the plaintiff objected on some ground to the admission of the deed. The defendants cannot, under the circumstances, now be permitted to question the ruling of the referee, upon the ground that it was made upon his own motion and not in response to an objection on the part of the plaintiff, unless the record affirmatively shows that such was the fact. We have no right, under the circumstances, to say that the referee acted upon his own motion merely because the record does not contain the statement that an objection was made. . The mere fact that the record is silent concerning an objection from the successful party, does not enable the defendants to allege legal error with respect to a ruling of the referee, on the ground that the question was not raised for his decision in the usual and proper way.

The decision of the referee, restricting the effect of the deed as evidence to the question of value, was not only within his power, but was in fact not unjust or prejudicial to the defendants. The action was commenced in 1890 and the issues had been joined nearly three years before the plaintiff executed the deed. In actions of this character, relating to real property in the city of New York, where many years must elapse before final judgment, it must frequently happen that the

plaintiff's title is changed before or after judgment by con-
veyance, death, legal process or by some of the various methods
by which title is transferred.  When, as in this case, the change
is made during the pendency of the action, and the new owner
has notice of its pendency, it is by no means certain that the
continuance to final judgment in the name of his grantor will
not bind him and protect the defendants.  (*McGean* v. *Met. El.
Ry. Co.*, 133 N. Y. 9; *Styles* v. *Fuller*, 101 N. Y. 622.)  But
entirely apart from that question, the judgment in this case
contains provisions which afford adequate protection to the
defendants.  They are permitted by the judgment to
acquire title to the easements upon payment of the fee dam-
age, that is to say, $1,000 within ninety days after notice of
entry of judgment, and upon tender of that sum and inter-
est to the plaintiff the defendants are entitled to a grant
from the plaintiff, and all persons having an interest in or lien
upon the premises, and in the meantime no injunction can issue.
So that the defendants could not be enjoined or injured in any
way if they elected to demand from the plaintiff a grant of the
easements in which his grantee must join upon tender or pay-
ment of the value, as determined by the court in the action.
There were so many methods open to the defendants in order to
protect themselves from another action by the plaintiff's grantee
that this feature of the case cannot be regarded as very import-
ant.  The plaintiff was bound to make a case for an injunc-
tion, and that involved proof of title.  Such proof was given,
and the referee found that he had the title at the date of the
report, and unless the referee was bound as matter of law to
open the case after the close of the proofs, in order to permit
the defendants to show that this fact was otherwise in conse-
quence of something that took place subsequent to the trial,
these findings cannot be assailed.  In an action of this charac-
ter, when the defendant seeks to defeat the right by means of
some change in the title which has occurred in the final stages
of the litigation, that cannot affect the ultimate liability, and
from which the defendant has adequate protection, the court

44

or a referee is justified in holding it to strict practice. The action of the referee was within his powers, and was not, we think, unjust or unreasonable.

With respect to the defendants' appeal, the only point necessary to notice is based upon an exception taken to a ruling of the referee, excluding the testimony of a witness, who had once owned the premises in suit, as to rents received from the property while he owned it. It appeared that the rents were collected through an agent, and that the witness did not collect or fix them himself, the premises having been rented when he purchased the property. There was no reason given for failing to call the agent, who had personal knowledge in regard to the transaction. In the nature of things, the knowledge of the owner, who was called, must in some degree, at least, have been based on information from the agent, and hence was not the best evidence of the fact. Under these circumstances, we cannot say that the ruling of the referee was legal error which requires a reversal of the judgment. So the judgment should be affirmed on the defendants' appeal.

The judgment of the General Term should be reversed on the plaintiff's appeal, and that entered on the report of the referee affirmed, with costs in all courts.

The judgment may be amended by inserting an additional clause to the effect that before enforcing it the plaintiff shall tender to the defendants a conveyance of the easements from the grantee in the deed above mentioned and described.

All concur.

Judgment accordingly.