## TELEPHONE MAINS IN STREET AN ADDITIONAL ˸ BURDEN.

### Circuit Court of Franklin County.

WILLIAM T. BURNS v. COLUMBUS CITIZENS' TELEPHONE
CO. AND DANIEL E. SULLIVAN v. COLUMBUS
CITIZENS' TELEPHONE CO. *

Decided, 1907.

*Telephones—Additional Burden Placed upon Street—By Placing Wires under Ground—Abutter Entitled to Compensation therefor—But not to an Injunction—New and Inconsistent Use of Street—Eminent Domain—Easements—Constitutional Law.*

1. An abutting owner who consents or submits to the use of the street in front of his premises for telephone purposes by means of poles and wires is not, as a matter of law and an invasion of his private rights, entitled to an injunction restraining the company from placing its wires in a conduit in said street.

2. The putting of a street to a new and inconsistent use is not necessarily a taking of private property within the meaning of the Constitution. The new use must be such a use as palpably and injuriously affects the adjacent property, and to plead or prove merely the invasion of a private right does not stir the conscience of a court of equity.

3. The use of a street for telephone purposes, being a permanent occupancy of a part of a highway by a private corporation for private gain, and to that extent an exclusion of the public, is an additional servitude for which an abutting owner is entitled to compensation.

Appeal from the Common Pleas Court of Franklin County.

The petitions and answers in these cases are substantially the same, and the cases are submitted together as involving the same questions in law.

The petitioners aver the corporate existence of the defendants and their ownership of property abutting on North High street in the city of Columbus; that without the consent of the plaintiffs, and without having compensated or offered to compensate

* For opinion below see *Burns* v. *Telephone Co.*, 3 N. P.—N. S., 257.

them the defendant is about to construct a conduit about five feet in depth and three feet in width in front of their premises; that they have an easement in the soil of the street; that they notified the defendant not to construct the conduit; that said conduit if constructed will interfere with the access to and the enjoyment of their said premises, and will work a material and irreparable injury to the same, and will greatly impair and injure the street, entirely destroying the asphalt covering thereof; · that the damages which would be caused by the threatened construction would be impossible of ascertainment in an action at law. They ask that the construction of the conduit may be enjoined.

The defendant, in the answers, denies that the plaintiffs have an easement in the soil of the street in front of their premises; that the construction of the conduit will interfere with the plaintiffs' access to and enjoyment of their premises, or will work any material and irreparable injury to the said premises or the street and its covering in front of the same.

· The defendant then avers that High street where said conduit is being constructed, is about one hundred feet wide, and is in a very thickly settled portion of the city, largely devoted to business purposes; that the ditch for the conduit will be twenty-two feet from the curb in front of the plaintiffs' premises, and that the sidewalk in front of the same is more than fifteen feet wide; that it is constructing said conduit in compliance with the terms of the agreement entered into with the city defining the mode of use of said street for telephone purposes; that it is under bond to restore the street in as good condition as it was before the construction of the conduit, and that the interruption of the use of the street will be but temporary and the injury resulting therefrom only such as is common to the public; that at this time the wires of the defendant in the vicinity of the plaintiffs' property are strung on poles above the surface of the ground (it was conceded in argument that the poles and wires are in front of said property on the same side of the street), by the surroundings made dangerous to the public, and that the placing of the wires in the underground conduit will be a

benefit to the adjoining property owners, as well as to the public.

A general demurrer was interposed to the answer in each ·case in the court of common pleas, and sustained by that court. A temporary injunction having been allowed, it was made perpetual, and the injunction is still in force. The cases are submitted in this court for final determination on the demurrer to the answers.


WILSON, J.; SULLIVAN, J., and DUSTIN, J., concur.

Two questions are raised upon the pleadings:

First. Is an abutting property owner entitled to an injunction against a telephone company engaged in putting its wires in a conduit in a street of a city, as for an invasion of his private rights?

Second. Do the averments of the petition which are not denied by the answer, and the averments of the answer which are admitted by the demurrer, entitle the plaintiff to relief in a court of equity?

Upon the question as to whether the use of a street for telephone purposes is an additional servitude for which an abutting property owner is entitled to compensation, the authorities are not agreed.

The authorities holding that it is ·not, are supported by the argument that it is simply a new method of intercommunication, and, therefore, not a preversion of the original use. *Price* v. *Drew*, 136 Mass., 75; *Coburn* v. *Telephone Co.*, 156 Ind., 90; *Julia Bldg. Assn.* v. *Telephone Co.*, 88 Mo., 258.

The contrary doctrine is sustained for the reason that it is a permanent occupancy of a part of the highway, not a moving or passing use, by a private corporation for private gain, and to that extent an exclusion of the public. *Krueger* v. *Telephone Co.*, 106 Wis., 96 (81 N. W. Rep., 1041); *Smith* v. *Printing & Tel. Co.*, 2 C. C., 259; *Daily* v. *State*, 51 Ohio St., 348.

This view is supported, we think, by the weight of authority as well as by the better reason.

In support of the claim that it is an extension, merely of the dedicatory use, it is not sufficient to say it facilitates intercommunication.    The steam railroad facilitates travel, yet it is admittedly a new use.    The telegraph is simply a new method of communication, yet in *Daily* v. *State, supra,* the Supreme Court holds it an additional burden.    It is not the purpose, alone, but the character and construction of the use as well, that determine whether or not it is a perversion.    But a new and inconsistent use is not necessarily a taking of property, within the meaning of the Constitution.    It must be such a use as palpably and injuriously affects the adjacent property; and in order to invoke the power of injunction the injury should be made to appear.

To plead or prove merely the invasion of a private right does not stir the conscience of the court.    *Domschke* v. *Railway,* 148 N. Y., 337; *Castle* v. *Telephone Co.,* 30 Misc., N. Y., 38 (61 N. Y. Supp., 743) ; *Irwin* v. *Telephone Co.,* 37 La. Ann., 63.

The answer wholly negatives any material injuries.    Moreover, it is averred in the answer that the defendant is using the street in front of the plaintiff's property for telephone purposes, by means of poles and wires, and that this use, as regards any rights the plaintiff may have, is more objectionable in form than would be the conduit.    It is not sought to prevent the present use by mandatory injunction or otherwise, but rather to prevent the defendant from changing it into what is averred and would appear to be a less obstructive form.    If the plaintiffs are consenting or submitting to the present use, as against the right to construct a conduit, they would seem to have no standing in equity and should be remitted to their remedies, if any, at law.

The demurrers to the answer respectively, will be overruled, and, the case having been submitted on the pleadings for final determination, the injunctions heretofore granted will be dissolved and the petitions dismissed; the defendant to recover its costs.

*Barton Griffith,* for plaintiff.

*F. A. Davis,* contra.