MAX HARTMAN and Others, as Administrators, etc., of ISAAC HARTMAN, Deceased, and Others, Respondents, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

*Denial of a motion to compel an election not accompanied by a demand for a trial by jury — when unavailing on appeal — waiver of the right to a trial by jury.*

The denial of a motion, made by the defendant to compel the plaintiff to elect whether he would proceed with the trial of the action on the theory that the defendant's acts were in the nature of a continuing trespass, or that they were acts in the nature of a continuing nuisance, if unaccompanied by a demand for a trial by jury, is of no avail to secure a reversal of the judgment rendered in favor of the plaintiff upon the decision of the court, as it is within the power of the court, where no rights of a defendant are infringed, either to grant or not to grant the motion to compel such election.

Unless a defendant is entitled to, and actually demands, a jury trial, no rights are infringed by the denial of the motion to compel an election.

Where no demand is made for a trial by jury, upon the trial of an action before the court, the right to a jury trial is waived, under subdivision 4 of section 1009 of the Code of Civil Procedure.

APPEAL by the defendant, The Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 11th day of June, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*Julien T. Davies* and *R. L. Maynard*, for the appellant.

*Henry G. Atwater* and *C. L. Pashley*, for the respondents.

VAN BRUNT, P. J. :

This action was commenced in October, 1890, by one Isaac Hartman to procure an injunction against the further maintenance and

operation of the elevated road in front of the premises No. 340 Bowery, of which he was the owner, and to recover damages for the trespasses already committed by such maintenance and operation. Isaac Hartman died intestate on the 28th of March, 1891, and thereafter the action was revived in the names of his administrators and the heirs at law who are the present plaintiffs. On the 24th of June, 1891, the heirs at law conveyed the premises to one Mercadante, and in January, 1892, Mercadante also commenced an action for damages. The recovery in this action was allowed for the damages sustained by the operation of the elevated railroad from a date six years prior to the commencement of this action down to June 24, 1891, the date of the conveyance of the premises by the heirs of said Isaac Hartman to said Mercadante.

Upon this appeal it is urged that the court erred in refusing to dismiss the complaint as to the equitable cause of action and in refusing to direct that the issue as to past damages be sent to the Circuit for trial by a jury. Without discussing the question as to the right of the defendant to a trial by jury upon the subject of past damages, the right to recover fee damages having been lost by a conveyance of the premises, it is sufficient to say that no such question is raised by the record. We fail to find any demand for a jury trial. At the opening of the case the defendant's counsel moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. This was a motion to dismiss generally. The counsel for the defendant then moved to compel the plaintiffs to elect as to whether they would proceed with the trial of the action on the theory that the defendant's acts were in the nature of a continuing trespass, or acts in the nature of a continuing nuisance. Such a demand of election unaccompanied by a demand for a trial by jury is of no avail. It was within the jurisdiction of the court, where no rights of the defendant were infringed, either to grant the motion for election or not; and unless the defendant was entitled to and demanded a jury trial no rights were infringed by the denial of the motion to compel an election. No such demand accompanied the motion for an election.

The defendant's counsel then moved to compel the plaintiffs to elect as to whether they would proceed with the trial of this action upon the theory that they owned the fee in the street in front of the

premises in suit, or whether they had only an easement therein. These motions having been denied the trial proceeded, and our attention has not been called to, and we have been unable to find, any place where a demand for a jury trial was made in respect to past damages prior to the trial of the issues upon that point.

When the plaintiffs rested the defendant again moved to dismiss the complaint upon the ground that the plaintiffs had failed to prove facts sufficient to constitute a cause of action. Then the record says : "Counsel for the defendant renewed the motion to send this case to the Circuit on the ground that it appears that the plaintiff has not the title to the property." But no such motion had been previously made so far as we have been able to find; and even at this time no demand for a jury trial was made. It is clear, therefore, that the record contains no demand upon the part of the defendant for a jury trial, even if it was entitled to the same. Under these circumstances it seems that, by subdivision 4 of section 1009 of the Code of Civil Procedure, the right to a jury trial was waived.

It follows that the judgment appealed from must be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.