AUGUSTUS D. SHEPARD, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY and Another, Defendants.

WESTERN UNION TELEGRAPH COMPANY, Appellant.

*Easements — severance of, from the realty by a reservation in a deed thereof — such reservation gives the grantor no right of action — he cannot maintain an action for the taking of the easements.*

The easements appurtenant to real estate, taken for the purposes of the operation and maintenance of an elevated railroad upon the street upon which such real estate abuts, cannot be severed from the principal estate so as to afford to the party in whose favor they are attempted to be reserved any right of action; a reservation of such easements, contained in a deed of such premises, leaves no right of action in favor of the grantor of the property.

An action must be brought in the name of the real party in interest, and the fiction of one party bringing an action in his own name to the use of another is no longer permitted.

A conveyance absolute in form, first passing all the estate therein described, together with the appurtenances, and then containing a reservation to the grantor of the easements taken by reason of the operation and maintenance of an elevated railroad, does not reserve to the grantor any right of action, nor can he enforce an action as to future damages against such railroad in his own name, nor can he compel his grantee to prosecute such an action for his benefit.

The right to recover the damages to a thing, the title to which has been parted with, cannot be reserved.

APPEAL by the Western Union Telegraph Company from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of June, 1894, denying the petition of the appellant to be made a party to the action.

*Rush Taggart,* for the appellant.

*W. G. Peckham,* for the respondent.

82   527
147a 685
82   527
13ap385
82   527
47ap 60
82h 527
149ad348
82     527
169 NY²183
82h    527
72 AD ²136

Van Brunt, P. J.:

This action was brought to obtain an injunction restraining the defendants from the further maintenance and operation of the defendants' elevated railway in front of premises on Trinity place, together with damages for the maintenance and operation of said railroad in the past. The plaintiff acquired his title to the premises on or about the 29th of March, 1889, by a deed which contained these words: "Damages to said premises arising by reason of the elevated railroad as now constructed and operated in front of said premises have been reserved to the Western Union Telegraph Company, a former owner."

The reservation referred to was in the following language: "The party of the first part hereto (the petitioner) reserves all claim or right of action against the Metropolitan and Manhattan Elevated Railroad Companies, or either of them, for any and all injury or damage done to the aforesaid property, or to the value or uses thereof in the past, present or future, by reason of the construction and operation of the elevated railroad in front of the said premises as they are now constructed and operated."

The appellant presented its application to the court to be made a party to the action, and in its petition alleged facts which it claimed would entitle the petitioner, if it were necessary, to a reformation of these deeds by the insertion of further language reserving to the petitioner any sum of money that might be appraised or agreed upon under the power of eminent domain as compensation for the extinguishment of the claims and rights of action above mentioned.

The petition further represented that by reason of the fact that the easements taken by the defendants were inseparable from the land to which they were appurtenant, the legal title thereto had passed to the plaintiff, subject, nevertheless, to the said reservation, and were held by him in trust for the petitioner, to the extent necessary to carry into effect the intent of said reservation; that plaintiff repudiated the said trust and refused to recognize the interest of the petitioner in the subject of the action and was acting in hostility thereto; that petitioner was thereby exposed to an injury for which no adequate relief could be obtained by a separate action.

The prayer of the petition was that the petitioner be made a party plaintiff in the action and control the prosecution thereof, and receive

the fruits thereof, or, in the alternative, that petitioner be made a party defendant, and have leave to interpose an answer, and to seek such relief against the other parties to the action, in respect to the subject-matter thereof, as in law and equity it might be entitled to receive.

The motion was denied upon the merits, and from the order thereupon entered this appeal is taken.

It is conceded by the counsel for the appellant that the petitioner has no cause of action by itself against the defendants for the damages sustained by the erection and operation of their elevated railroad by reason of the reservation contained in the deed above referred to. But it is urged that the plaintiff in this action, having taken title with notice of such reservation, took the same subject to a trust to enforce the petitioner's claim for damages which was reserved.

It seems to us that there are several difficulties in the way of the establishment of the petitioner's claim upon any ground whatever. It has been distinctly held that these easements cannot be severed from the principal estate so as to form the basis for the establishment of any right. It has been further held, as is conceded by the appellant, that such a reservation as was contained in the appellant's deed left no right of action in favor of the grantor in the deeds containing such reservation.

It is a well-established rule in our jurisprudence that an action must be brought in the name of the real party in interest, and the fiction of one party bringing an action in his own name to the use of another is no longer permitted. Yet the necessary result of the appellant's contention is, that the plaintiff is to maintain this action to his use as the real party in interest. If the appellant's contention is correct, it is the proper plaintiff, and the present plaintiff is not. Now, it admits that it has no cause of action as against the defendants, because of its conveyance of the premises to which the easements forming the subject-matter of this action are appurtenant. And this position is emphasized by the admission of the appellant, that adequate equitable relief by the recovery of permanent damages cannot be had except by tendering to the railway companies a clear legal title to the easements taken. Now, where in the contract of any of the predecessors in title of the plaintiff is there any obligation upon their part to convey anything to anybody at the request and dictation of the appellant? There is no such agreement. The

appellant relied upon its reservation, and such reservation imposed no duty upon its grantee. Its grantee got that which was granted, which seems to have been the substance, and the appellant has reserved that which has proven to be the shadow; and now it seeks to clothe this shadow with a material body by compelling its grantee to do something which he has nowhere covenanted or agreed to do.

Our attention is called to the case of *McGean* v. *The Manhattan Railway Company* (133 N. Y. 9). But that seems to have no bearing upon the case at bar, because the sole ground upon which the plaintiff in that case had any standing in court or any claim for damages, was because he owned the title to the center of the street, and expressly excepted from the grant the lands contained in the street. The court expressly stated that the grantee of the plaintiff took his conveyance with a reservation to the plaintiff of the fee of the street and the permanent damages to the adjoining property, and that, presumably to the extent of the rights thus reserved, the cost of the property to him had been proportionately diminished; and that he was estopped by the reservation in his deed, which was to be given the same effect as a direct grant, from asserting any title to any part of the cause of action or to the rights which the defendants would acquire under the judgment which would put them in privity of title with the plaintiff. There the fee of the land was reserved upon which the easement existed.

In the case of *Kernochan* v. *N. Y. El. Ry. Company* (128 N. Y. 559) it was expressly held that it is not possible to except easements from the operation of the conveyance so as to preserve the title thereto unimpaired in the original owner; that they are incapable of a distinct and separate ownership, and the owner of a lot cannot reserve them upon a sale, but they must of necessity pass to the purchaser as appurtenant to the premises, and with them passes to the purchaser also the right to any remedy for their invasion.

In the case at bar there is no claim that any part of the street was reserved out of this grant by the appellant as was the fact in the case of McGean. It is a conveyance absolute, passing all the estate together with its appurtenances, and then containing this reservation, which the courts have held cannot be enforced as to future damage, because it is an attempt to reserve a right of action for damage to a thing the title to which has been parted with.

We are of opinion, therefore, that no trust relation was established between the appellant and its grantees, and that under no principle of law can this appellant compel this plaintiff to sue in his name for its benefit.

The order should be affirmed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Order affirmed, with costs.