The Western Union Telegraph Company, Appellant, *v.* Augustus
D. Shepard and Others, Respondents.

*Reformation of a deed — not adjudged where the mistake was one simply as to the*
*legal effect of a reservation of rights against an elevated railroad — conclusiveness*
*of a decision of a prior motion.*

A deed executed by the Western Union Telegraph Company to one Tubbs con-
tained the following clause : '' The party of the first part hereto reserves all
claim or right of action against the Metropolitan and Manhattan Railway Com-
panies or either of them, for any and all injury or damage done to the afore-
said property, or to the value or use thereof in the present, past or future by
reason of the construction or operation of the elevated railroads in front of
said premises as they are now constructed and operated." After various mesne-
conveyances the property was conveyed to one Shepard by a deed which con-
tained the following clause : '' Damages to said premises arising by reason of
the elevated railroad as now constructed and operated in front of said premises,
have been reserved to the Western Union Telegraph Company, a former owner."

*Held,* that the Western Union Telegraph Company was not entitled to have the deed
from it to Tubbs reformed by adding to the reservation therein the following
clause : '' And, also, all right to receive any sum or sums that may be appraised or
agreed upon under the power of eminent domain or that may be fixed as alternative
to an injunction as compensation for the extinguishment of the claim and rights
of action hereinabove mentioned and reserved and that may be adjudged to be
paid by or received in voluntary settlement from said railway companies under
or on account of said claims or rights of action," upon the ground that there
was a mutual mistake, it appearing that the original reservation clause was
drawn by the counsel for the Western Union Telegraph Company or was
entirely satisfactory to him and that the only mistake was one of law as to the
effect of the reservation;

That an adjudication, made on a motion by the Western Union Telegraph Com-
pany for leave to intervene in an abutter's action, brought by Shepard against
the elevated railway companies, to the effect that no trust relation existed
between the Western Union Telegraph Company and its grantees, was conclu-
sive against the right of the Western Union Telegraph Company, independent
of the reformation of the deed, to have Shepard declared a trustee for it of such
amounts as he might recover from the elevated railway companies.

Appeal by the plaintiff, The Western Union Telegraph Company,
from a judgment of the Supreme Court in favor of the defendants,
entered in the office of the clerk of the county of New York on
the 25th day of July, 1899, upon the decision of the court rendered
after a trial at the New York Special Term dismissing the com-
plaint upon the merits.

*Edward C. James,* for the appellant.

*Michael H. Cardozo* and *W. G. Peckham,* for the respondents.

McLAUGHLIN, J.:

The primary relief sought in this action is the reformation of a certain conveyance, being one of a series of deeds, through which the title to the premises described in the complaint became vested in the defendant Shepard. Those premises, in the year 1872, belonged to the plaintiff, who continued to own them until June 4, 1888. It then sold them to one Tubbs, who subsequently conveyed them, and the title passed through various persons until it devolved upon the Messrs. Levy, who, on March 29, 1889, conveyed them to the defendant Shepard. When the conveyance was made by the plaintiff to the defendant Tubbs the structure of the Metropolitan and Manhattan Elevated Railway Companies existed in front of the premises, and their railroad was in full operation on such structure. Easements of light, air and access had been appropriated by the railway corporations named, and it is asserted by the plaintiff that causes of action existed against such companies for such appropriation and for damages to the rental value of the premises. By the contract of sale between, and in the deed from, the plaintiff to Tubbs, the following clause appears: "The party of the first part hereto reserves all claim or right of action against the Metropolitan and Manhattan Railway Companies, or either of them, for any and all injury or damage done to the aforesaid property, or to the value or use thereof, in the present, past or future by reason of the construction or operation of the elevated railroads in front of said premises as they are now constructed and operated." The deed from the Messrs. Levy to the defendant Shepard contains the following clause: "Damages to said premises arising by reason of the elevated railroad as now constructed and operated in front of said premises have been reserved to the Western Union Telegraph Company, a former owner." The plaintiff now seeks to have the deed from the Western Union Telegraph Company to the defendant Tubbs reformed by adding to the reservation the following words, or their equivalent, namely: "And, also, all right to receive any sum or sums that may be appraised or agreed upon

under the power of eminent domain, or that may be fixed as alternative to an injunction as compensation for the extinguishment of the claim and rights of action hereinabove mentioned and reserved and that may be adjudged to be paid by or received in voluntary settlement from said railway companies under or on account of said claims or rights of action."

The ground upon which this reformation is prayed for is, that there was a mutual mistake of the Western Union Telegraph Company and Tubbs, or those represented by him, at the time the reservation was made in the contract and in the deed. The real basis of the claim is that it was the understanding of those acting for the Western Union Telegraph Company that by the reservation as formulated, the Western Union Telegraph Company might maintain its suit against the railway companies to enforce such claims as existed for damages both to the fee and rental value of the premises, by reason of the construction and operation in front of them of the elevated roads. There is nothing whatever in this record to show that there was a mutual mistake of the parties to the contract or deed mentioned. The reservation clause was either drawn by, or was entirely satisfactory to, the counsel for the Western Union Telegraph Company. It was not until a period subsequent to the execution and delivery of the deed to Tubbs that it became known that a mistake of law had been made concerning a right of action inhering in the company after it had parted with the legal title to the premises. That mistake does not furnish a sufficient ground for the insertion in the deed to Tubbs of an additional provision which shall operate upon the successors in title to Tubbs as an express condition upon which the title was received by them, or which shall be binding upon them as an *express* agreement that the Western Union Telegraph Company should receive the moneys referred to in the clause sought to be added to the deed by way of reformation. There was no mutual mistake of fact. What was inserted in the deed in the reservation clause was the result of negotiation and agreement. Whether there is a promise to be implied from the language of the reservation clause in the Tubbs deed and of the clause in the deed from the Levys to Shepard, that the moneys when collected shall be paid to the plaintiff, is a question not now before us and as to which we express no opinion, but the evidence is insufficient to bind Shep-

FIRST DEPARTMENT, MARCH TERM, 1900.          [Vol. 49.

ard to an *express* agreement that the damages to the premises should go to the plaintiff.

Further relief is demanded that Shepard should be declared a trustee for the plaintiff of such amounts as may be recovered from the railway companies as damages to the fee and rental value of the premises involved in this action. It appears that, after the conveyance made to Shepard, he brought the ordinary abutter's action against those companies. The claim to this relief is not made dependent upon a reformation of the deed, but it is contended that it results from the attitude in which Shepard stands to the plaintiff under the reservation clauses above quoted. That question is not open for discussion in this court. It was decided in *Shepard* v. *Metropolitan Elevated Railway Co.* (82 Hun, 527) that Shepard was not a trustee for the plaintiff. It is very strongly urged on this appeal that what was held in the case cited in this record was not involved therein. That was an appeal from an order denying a motion made by the Western Union Telegraph Company to intervene in the action brought by Shepard against the railway company. It appears in the opinion of the court that the subject of Shepard's relation to the Western Union Telegraph Company was directly involved in that appeal. The Western Union Telegraph Company had presented its application to the court to be made a party to the action. The reservation in the deed to Tubbs, and the clause in the deed to Shepard, above quoted, were brought before the court. The Western Union Company alleged facts which it claimed would entitle it, if necessary, "to a reformation of these deeds by the insertion of further language reserving to the petitioner any sum of money that might be appraised or agreed upon under the power of eminent domain * * * for the extinguishment of the claims and rights of action above mentioned." The petition further represented that the title had passed to Shepard subject to the reservation, and that the easements taken by the defendants were held by the plaintiff in trust for the petitioner to the extent necessary to carry into effect the intent of said reservation; that plaintiff repudiated the trust and refused to recognize the interest of the petitioner in the subject of the action, and was acting in hostility thereto. Upon that claim the court, at General Term, said: "We are of opinion, therefore,

that no trust relation was established between the appellant and its grantees." The point was directly involved upon the claim as substantially now made, and upon the facts as they then appeared, which do not materially differ from those now before the court, it was adjudged that Shepard did not stand in the attitude of trustee for the Western Union Telegraph Company.

It is urged, however, in opposition to this view, that under a somewhat similar state of facts concerning the title and the reservation of claims against the elevated railway companies, the Court of Appeals held that the grantee stood in the relation of trustee to his grantor, and the case of *Pegram* v. *N. Y. Elevated R. R.* (147 N. Y. 135) is cited as authority for that proposition. The point was not decided in the *Pegram* case. There is a mere statement in the opinion of GRAY, J., that if the reservation in the conveyance then before the court was operative to any extent, it may be deemed to make the holder of a legal title a trustee for the party in whose favor the reservation is made. It is a mere hypothetical statement, and is not to be regarded as overruling what was decided in the case at bar upon the particular reservations in the particular instruments between the same parties who are now before this court. It is unnecessary to consider anything further than the two subjects we have discussed.

The judgment appealed from must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, PATTERSON and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.