(36 Misc. Rep. 359.)

STILWELL v. KENEDY et al.

(Supreme Court, Special Term, New York County. November, 1901.)

DEED—CONSTRUCTION—RESERVATIONS.

Where a deed of property abutting on an elevated railroad has been executed, and a contemporaneous agreement of the parties shows an intention that the grantor shall have the benefit of any judgment recovered against the road for damages to the fee or rental damages, less a certain percentage, payable to the grantee, where the grantee subsequently recovers rental damages of the elevated road the grantor may recover of her the amount so obtained, less the percentage to which she was entitled under the agreement.

Action by John E. Stilwell against Elizabeth T. Kenedy and others. Judgment for plaintiff against defendant Kenedy.

John M. Shedd, for plaintiff.

Jeroloman & Arrowsmith, for defendant Kenedy.

McADAM, J. This cause was tried by the late Mr. Justice SMYTH, but was not decided by him. By stipulation of the parties, it is now submitted to me for decision.

On November 18, 1891, the plaintiff sold at public auction to defendant Kenedy a piece of real property on Third avenue, in this city, abutting the elevated railroad, and in the terms of sale it is stated that "the owner reserves all claims for damages against the elevated railroad company." On December 23d following the plaintiff delivered a deed of said premises to said defendant, in which instrument appears the following reservation:

"The party of the first part hereby reserves to himself, his executors and administrators, all claims for damages against the elevated railroad companies whose roads pass said premises on Third avenue, and all damages which may be recovered in any action or actions now pending between said party of the first part and said elevated railroad companies, and each of them, together with the right to prosecute said action or actions to a determination, or otherwise dispose of the same; and the cause or causes of action stated or intended to be stated in the complaint or complaints in said action or actions shall be and remain the sole property and choses in action of the said party of the first part, his heirs, executors, and administrators, to be prosecuted in said action or actions, or through the action or actions which may be brought for that purpose."

At the same time with the delivery of the deed there was executed by the parties thereto an agreement in which the grantee states that she purchased the premises in question—

"Subject to all claims for damages for injury to said premises by reason of the erection and maintenance of the elevated railway in front thereof, which belong of right to John Edwin Stilwell, said owner, for rental loss and damage to the fee value, and for which he has brought an action. Therefore I do hereby agree, in consideration of said sale to me, and of the further sum of one dollar to me paid, that I shall and will at any time when the said action is settled, by compromise or judgment, execute and deliver to said elevated railway, conjointly with said John Edwin Stilwell, such release as it may require for the purpose of releasing to it such easements in said street as it now occupies and possesses in its present condition."

And the grantor promised in said last-named agreement to pay the grantee 7½ per cent. of the gross amount of damages received by him from the elevated railroad.

As stated in the deed and agreement, at the time of their execution the usual abutter's action was pending between the plaintiff and the elevated railroad for an injunction and rental damage; and in said action Mr. Leo C. Dessar, a defendant in this action, was the plaintiff's attorney. In March, 1895, the defendant Kenedy, by her attorney, the defendant Leo C. Dessar, brought an action for an injunction and rental damage to the property in question against the elevated railroad; and judgment was rendered in her favor for $1,125, fee and rental damage, November 20, 1897, of which amount she received $934.55. The plaintiff's action has not been trial. The evidence shows that the defendants had due notice of any rights the plaintiff had in the premises.

It is settled law that a grantor of real property cannot, by any reservation in the deed, reserve to himself easements appurtenant to the premises which are invaded by the construction, maintenance, and operation of an elevated railway (Kernochan v. Railroad Co., 128 N. Y. 568, 29 N. E. 65; Pegram v. Railroad Co., 147 N. Y. 135, 41 N. E. 424; Shepard v. Railroad Co., 82 Hun, 527, 31 N. Y. Supp. 537); so that the reservation in plaintiff's deed and the contemporaneous agreement could give him no right to fee damage or for subsequent rental damage against the elevated railroad. As against the immediate grantee, the defendant Kenedy, a different question is presented. From an inspection of the deed and the agreement, it is apparent that the intent of the parties was that the plaintiff should have the benefit of any judgment which might be rendered in any action brought by either of the parties for rental and fee damage to the premises conveyed, and that his cause of action should not be affected by the transfer. The defendant is therefore a trustee for the plaintiff with respect to the amount recovered in her action, less the percentage payable to her by the agreement. See Pegram v. Railroad Co., 147 N. Y. 148, 41 N. E. 424. It was held in Shepard v. Railroad Co., 82 Hun, 527, 31 N. Y. Supp. 537, that a grantor who had attempted to reserve easements of light, air, and access was not entitled to intervene in an action brought by a subsequent grantee against the elevated railroad, and that no trust relation existed between the grantor and its grantees. In this case, however, there is something more than an attempted reservation; and the defendant Kenedy, plaintiff's immediate grantee, agreed to join with the grantor in a conveyance to the elevated railroad. See, also, Telegraph Co. v. Shepard, 49 App. Div. 345, 63 N. Y. Supp. 435. There must be judgment for plaintiff against the defendant Kenedy.

Judgment for plaintiff against defendant Kenedy.