AUGUSTUS D. SHEPARD, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY et al., Appellants.

1. ELEVATED RAILROADS — RESERVATION IN DEED OF RIGHT OF ACTION FOR DAMAGES TO EASEMENTS.   Easements appurtenant to premises abutting on an elevated railroad pass with the fee, and a reservation in the deed of "all claim or right of action" against the company for damages for their invasion, past, present or future, is not effectual to deprive a subsequent owner of the right to maintain an action against the company in his individual capacity to recover all damages accruing after he has acquired title.

2. EVIDENCE — TESTIMONY AS TO MEANING OF RESERVATION.   Evidence upon the trial of such an action that the grantee did not intend to purchase any easements or right of action against the defendant is inadmissible. where there is no dispute either as to the terms of the reservation or the intent of the parties, even if in the deed there was a reduction in the price of the premises to compensate him for the invasion of his easements and for loss in the use of the property.

3. EXPERT TESTIMONY AS TO VALUE OF REALTY. Evidence of an expert as to the general course and current of values for two or three blocks on either side of the premises off from the road is competent.

4. HARMLESS ERROR. Assuming that it is error to allow an expert to be asked to state the particulars, limits, amounts and percentage downward in rents and fee values on streets in the vicinity occupied by the road it cannot be deemed prejudicial where his answer was that there was no regular percentage and that it was varied in different parts of the same street.

5. EXPERT TESTIMONY AS TO USE OF NEIGHBORING PROPERTY. An expert who has testified to the uses of property in the immediate locality may be asked how such use compares with that on the adjoining streets on the east where there is no elevated railroad, although the property referred to in the question is of a much better character than the plaintiff's property.

*Shepard* v. *Met. El. Ry. Co.*, 48 App. Div. 452, affirmed.

(Argued October 31, 1901; decided December 20, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 9, 1900, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This is the usual action against the elevated railway companies for an injunction and damages. The case was tried at Special Term in the first department, and the appeal from the judgment entered upon the decision was transferred to and heard by the Appellate Division in the second department. The plaintiff is the owner of premises known as Nos. 70 to 76 Trinity place, in the city of New York. He acquired title thereto March 29th, 1889. The action was tried April 25th, 1898. The court awarded to the plaintiff for the damages which he had sustained between those dates the sum of $43,694.33, with interest amounting to $2,694.48, and costs amounting to $2,157.82, making a total money judgment of $48,546.63. The judgment also provided for a perpetual injunction against the maintenance and operation of the defendants' elevated railway in front of plaintiff's said premises, unless within a specified time the defendants should pay to the plaintiff the sum of $60,000.00 in return for a conveyance by the plaintiff of the easements and property rights

11

appurtenant to said premises and alleged to have been taken or impaired by the maintenance and operation of the said railway. The sum total of the judgment, therefore, is $108,546.63.

*Julien T. Davies, Charles A. Gardiner* and *Alfred A. Wheat* for appellants. The learned court below erred in refusing to dismiss the complaint inasmuch as plaintiff has no right to maintain this action in his individual capacity. (*Shepard* v. *M. El. Ry. Co.,* 147 N. Y. 685; *Pegram* v. *N. Y. El. R. R. Co.,* 147 N. Y. 135; *W. U. T. Co.* v. *Shepard,* 49 App. Div. 345; *Shepard* v. *M. El. Ry. Co.,* 48 App. Div. 452; *Field* v. *Mayor, etc.,* 6 N. Y. 179; *Stover* v. *Eycleshimer,* 3 Keyes, 620; *Carver* v. *Creque,* 46 Barb. 507; *Roberts* v. *N. Y. El. R. R. Co.,* 128 N. Y. 455; *Thompson* v. *Manh. Ry. Co.,* 130 N. Y. 360; *Shepard* v. *M. El. Ry. Co.,* 82 Hun, 527.) The court below erred in excluding evidence tending to show the meaning and effect of the reservation in the plaintiff's deed. (1 Greenl. on Ev. [15th ed.] §§ 279, 285, 296; 17 Am. & Eng. Ency. of Law, 45; *Brown* v. *Thurber,* 77 N. Y. 613; *Masterson* v. *Boyce,* 29 Hun, 456; *Norton* v. *Keogh,* 42 Hun, 611; *McArthur* v. *Soule,* 66 Barb. 423; *Taylor* v. *Baldwin,* 10 Barb. 582; *Mann* v. *Mann,* 1 Johns. Ch. 231; *King* v. *Ruckman,* 21 N. J. 599; *Pappenheim* v. *M. El. Ry. Co.,* 128 N. Y. 436.) The court below erred to the prejudice of the defendants in admitting incompetent evidence. (*Jamieson* v. *Kings Co. El. Ry. Co.,* 147 N. Y. 325; *Stacey* v. *M. El. Ry. Co.,* 15 App. Div. 534; *Stuyvesant* v. *N. Y. El. R. R. Co.,* 4 App. Div. 159; *Douglas* v. *N. Y. El. R. R. Co.,* 14 App. Div. 471; *Moore* v. *N. Y. El. R. R. Co.,* 29 N. Y. S. R. 432; *A. B. N. Co.* v. *N. Y. El. R. R. Co.,* 129 N. Y. 252; *Bischoff* v. *N. Y. El. R. R. Co.,* 138 N. Y. 257; *O'Reilly* v. *N. Y. El. R. R. Co.,* 148 N. Y. 347; *Coster* v. *Mayor, etc.,* 43 N. Y. 399; *Pegram* v. *N. Y. El. R. R. Co.,* 147 N. Y. 135.)

*William G. Peckham* and *John De Witt Warner* for respondent. The measure of damages is the decrease on the

elevated plus what would have been the increase, as indicated by the increases on non-elevated streets. (*Am. B. N. Co.* v. *N. Y. El. R. R. Co.*, 129 N. Y. 252; *Jamieson* v. *Kings Co. El. Ry. Co.*, 147 N. Y. 325; *Stuyvesant* v. *N. Y. El. R. R. Co.*, 4 App. Div. 161; *Sloane* v. *N. Y. El. Ry. Co.*, 44 N. Y. S. R. 583; Demarest on El. Ry. Law, 103.) The appellants' claim that the damages should be given only to the Western Union Telegraph Company is erroneous. (*Shepard* v. *Met. El. Ry. Co.*, 147 N. Y. 685.) Appellants' exceptions. cannot be sustained. (*Whitmark* v. *N. Y. El. R. R. Co.*, 149 N. Y. 393.) If damages had been paid to plaintiff and there had been a proper release of the easements by the Western Union in February, 1899, the change of use to that of a track-yard after plaintiff's purchase, causing fresh and overwhelming damage, would warrant a full judgment for damages, even if the reservation were good. (*Kernochan* v. *N. Y. El. R. R. Co.*, 128 N. Y. 569.) The reservation is ineffective. (*Foote* v. *Met. El. Ry. Co.*, 147 N. Y. 375; *Koehler* v. *N. Y. El. R. R. Co.*, 159 N. Y. 224.) The appellants err in asserting that the damage in a New York city building stays as constant as it might on an empty piece of farm land. (*Tallman* v. *Met. El. R. R. Co.*, 121 N. Y. 119; *Matter of N. Y. El. R. R. Co.*, 76 Hun, 388; *Kenkele* v. *Manh. Ry. Co.*, 55 Hun, 400; *Otten* v. *Manh. Ry. Co.*, 2 App. Div. 397; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 108 N. Y. 120.) The damage of 1867 or 1888 is, as a matter of law, a totally different thing from the damage of 1890 or 1901. (*Otten* v. *Manh. Ry. Co.*, 2 App. Div. 397; *Tallman* v. *Met. El. R. R. Co.*, 121 N. Y. 119; *A. B. N. Co.* v. *N. Y. El. R. R. Co.*, 129 N. Y. 252; *C. C. T. Co.* v. *K. C. R. R. Co.*, 153 N. Y. 549.) The so-called reservation under the deed to Shepard merely attempts to reserve past damages and conveys the appurtenances. (*Hoch* v. *Met. El. R. R. Co.*, 59 Hun, 541; *Dennis* v. *Wilson*, 107 Mass. 592; *Foote* v. *Manh. Ry. Co.*, 58 Hun, 478; 147 N. Y. 375; *Reise* v. *Enos*, 8 L. R. A. 617.) In spite of the reservation the right of way belonged to the land, and

passed with it to the grantor. (*Potter* v. *Iselin*, 31 Hun, 134.)
All the hereditaments, rights and appurtenances were con-
veyed to Shepard by such language as to pass the unim-
paired easements. (*Claflin* v. *B. & A. R. R.*, 157 Mass.
489; Goddard on Easements [Bennett's ed.], 108.)    No
future unliquidated damage can be the subject of a trust.
(*Dennison* v. *Taylor*, 15 Abb. [N. C.] 439; *Halloway* v.
*Southmayd*, 139 N. Y. 390.)    In none of the matters covered
by defendants' exceptions is there probability that the judg-
ment was affected to appellants' prejudice. (*Wright* v. *N.
Y. El. R. R. Co.*, 78 Hun, 452; *Korn* v. *N. Y. El. Ry.
Co.*, 39 N. Y. S. R. 323; *McGean* v. *Manh. Ry. Co.*, 117
N. Y. 224; *Steubing* v. *N. Y. El. R. R. Co.*, 138 N. Y.
658; *Carter* v. *N. Y. El. R. R. Co.*, 134 N. Y. 169; *Boh-
len* v. *Met. El. R. R. Co.*, 39 N. Y. S. R. 153; *Kernochan*
v. *N. Y. El. R. R. Co.*, 128 N. Y. 570; *Crawford* v. *Met.
El. Ry. Co.*, 120 N. Y. 625; *Hunter* v. *Manh. Ry. Co.*, 141
N. Y. 286; *Randall* v. *N. Y. El. R. R. Co.*, 76 Hun, 428.)

WERNER, J.    The judgment of affirmance by the Appellate
Division was not unanimous, but as there is sufficient evidence
to sustain the decision of the trial court, the only questions
before us for review arise upon the exceptions taken at the
trial.

It is claimed by the defendants that the trial court erred in
refusing to dismiss the complaint, because the plaintiff has no
right to maintain this action in his individual capacity.    To
understand this point we must briefly consider certain facts
connected with the history of plaintiff's title.    In May, 1872,
the premises in question were purchased by the Western
Union Telegraph Company.    On June 4th, 1888, the Western
Union Telegraph Company conveyed the property to one
George W. Tubbs by a deed which contained the following
reservation : " The party of the first part hereto reserves all
claim or right of action against the Metropolitan and Manhattan
Elevated Railroad Companies, or either of them, for any and

all injury done to the aforesaid property, or to the value or use thereof in the past, or present, or future, by reason of the construction of the elevated railroad in front of the said premises as they are now constructed and operated." On the same day said Tubbs and wife conveyed said premises to J. M. and L. N. Levy. On September 26th, 1888, the Messrs. Levy conveyed the property to Allen Mitchell, who, on June 17th, 1889, reconveyed to the Messrs. Levy. On March 29th, 1889, the Messrs. Levy conveyed to the plaintiff by a deed which contained the following refer- ence to the reservation clause above mentioned, " damages to said premises arising by reason of the elevated railroad as now constructed, operated in front of said premises, have been reserved to the Western Union Telegraph Company, a former owner." It was upon this state of facts that the defendants predicated their motion to dismiss the complaint upon the ground that the plaintiff had no right to maintain this action in his individual capacity.

The question whether the right to damages against the ele- vated railroad companies can be reserved to the grantor thereof has been before this court in several cases, and has been decided adversely. to the contention of the defendants in this case. In *Pegram* v. *N. Y. Elevated R. R. Co.* (147 N. Y. 146) this court held that the plaintiffs, who had parted with their title *pendente lite*, were not entitled to equitable relief by way of injunction, because in fact they had no rights which the defendants could injure, or which an injunction could protect, and that the reservation clause in the deed of conveyance, which was similar to the one before us, was ineffectual to con- tinue in the plaintiffs the right to such relief. In that case this court said, " if it could be assumed that the language of the reservation in the deed was sufficient to assign case- ments appurtenant to the property, such assignment would be absolutely ineffectual. The easements of an abutting owner in the street, which are invaded by the construction, maintenance and operation of an elevated railway, are appur- tenant to his premises." In *Kernochan* v. *N. Y. E. R.*

*R. Co.* (128 N. Y. 568), this court held that the ease-
ments of an abutting owner invaded are appurtenant to his
premises, and, in the nature of things, they are indissolubly
annexed thereto until extinguished by release or otherwise.
They are incapable of a distinct and separate ownership. The
owner of a lot cannot reserve them upon a sale, and they must
of necessity pass as appurtenant to the premises, and with
them passes to the purchaser also the right to any remedy for
their invasion. In *Pappenheim* v. *M. E. Ry. Co.* (128 N.
Y. 453) it was held that the right of action with respect to
the damage inheres in the owner and possessor of the land,
and it is by reason of such ownership and possession that the
right of action accrues. In *Foote* v. *M. E. Ry. Co.* (147
N. Y. 374) there was an agreement, not included in the deed,
whereby the right to damages against the elevated railroad
company was reserved to the grantor, and again this court
said : " It is not really disputed that the agreement was inef-
fectual to reserve the easements in the street. They were
appurtenant to the abutting property ; were incapable of
being separated therefrom, and passed, upon a sale thereof, to
the purchaser with the right to any remedy for any invasion
thereof." It is, therefore, quite clear that the reservation to
the Western Union Telegraph Company of all claims for dam-
ages, or rights of action, against the elevated railroad compa-
nies was not effectual to deprive the plaintiff, as owner of the
premises, of the right to claim such damages and maintain
such actions.

The appellants further claim that the trial court erred in
excluding evidence tending to show the meaning and effect of
the reservation clause in the plaintiff's deed. Tubbs, the
grantee under the deed from the Western Union Telegraph
Company, was asked : " Q. Did you intend to purchase any
easement occupied by the Elevated Railroad, or any claims or
rights of action against the Elevated Railroad Company ? "
This was objected to as immaterial, irrelevant and incom-
petent. The objection was sustained and defendants' counsel
excepted. Questions of similar import were asked of the

witnesses Levy and Eddy, and the same rulings were made. There being no dispute, either as to the terms of the reservation, or the intent of the parties, the evidence sought to be elicited by the defendants upon this branch of the case was clearly irrelevant and incompetent. Under the decisions of this court above referred to, this evidence was incompetent and immaterial even though it were the fact that in the conveyance from the Western Union Telegraph Company to Tubbs there was a reduction in the price of the premises to compensate the grantee for the invasion of his easements and for loss in the use of the property. The evidence was properly excluded.

The appellants further contend that the trial court erred to their prejudice in admitting incompetent evidence. Plaintiff's expert Plass was asked this question : Q. "From Liberty street south, and for two or three blocks, and from Greenwich Street on the west and Pearl Street on the east, but off from the Elevated Railroad, what has been the course of values?" This was objected to and the plaintiff's counsel asked this further question : Q. "In that locality has there been any general course of things as to fee value, if so, what?" A. "Yes, sir." Q. "What has it been?" Defendants' counsel objected to this on the ground that it covered a very large section of the city; that the course of values was different in different localities, and that the question should be directed to some particular street or part of a particular street. The objection was overruled and defendants' counsel excepted. The same course was pursued in the examination of plaintiff's expert Golding. No error seems to have been committed in this behalf. The evils condemned in *Jamieson* v. *K. Co. E. Ry. Co.* (147 N. Y. 325) were distinctly avoided. Instead of attempting to prove the effect of the road in diminishing values upon specific pieces of property, the plaintiff confined himself strictly to proof of the general course and current of values, that being the rule laid down in the case last cited. There was no error in this ruling. Again, the plaintiff's expert Plass, after having testified at length as to the course

of values on the streets occupied by the elevated railroad south
of Liberty street, and within the district to which reference
had been made, was asked the following question : " Q. State
the particulars, limits, amounts — what percentage downward
in the rents and what in fee values ? "   Defendants' counsel
objected to this question as incompetent, irrelevant, immaterial
and inadmissible, and too general and indefinite and remote
to the subject-matter of the inquiry, and also as raising collat-
eral issues and speculative.   This objection was overruled
and defendants' counsel excepted.   The witness answered,
A. " There is no regular percentage, it varies in different
streets.   Pearl street is one percentage downward, and in dif-
ferent parts of Pearl Street even it is different, and in differ-
ent parts of Greenwich Street it is different."   It is difficult
to see how any error was committed in this ruling.   But even
assuming that any of the rules laid down in this class of cases
were violated, it is obvious that the answer was so general and
indefinite that it could not possibly have influenced the result.
The expert Plass had also testified at length regarding the
uses of property in the localities embraced in the hypothetical
question, and then proceeded to state that the buildings north,
south, east and west of Trinity place were used considerably
for tenement houses, cheap lunch rooms, lager-beer saloons,
gents' furnishing goods stores and cigar stores.   He then
asked this question : Q. ." How does that compare with the
uses on the next streets to the east where there is no Elevated
Railroad — the next streets — what are the uses in localities
directly opposite of these, next adjoining streets to the east ? "
Defendants' counsel objected to this question as immaterial,
irrelevant, incompetent and inadmissible, as introducing col-
lateral issues, and on the ground that the occupation of the
street for business affords no basis for either injunction or
damages.   The objection was overruled and the witness ans-
wered : A. " The streets immediately to the east of Trinity
Place are used for office buildings principally of the best qual-
ity.   Next east to us is the American Surety Company, 20 stor-
ies, directly opposite Trinity Churchyard, and the United Bank

Building, and a little north the Equitable Life." A reference to the testimony of this witness discloses that his valuations were based, not alone upon comparisons with the property to the east of Trinity place, but upon property to the west thereof. The mere fact that the property referred to in this question was of a much better character than plaintiff's property was not sufficient to exclude it as one of the elements which could properly be considered in determining the extent of the injury to the plaintiff's property by the elevated railroads. The case abounds in objections and exceptions, but we have discovered none which requires a reversal of this judgment.

In conclusion, it may be added that while the judgment is large the conditions are unique. Trinity place is eighty feet wide. It is covered from curb to curb with defendants' elevated structure, and that part of the street adjacent to the plaintiff's premises is used as a down-town switching yard where trains are made up. In consequence of these conditions, the plaintiff's premises were subjected to a much greater burden than that which is incident to the ordinary elevated railroad structure and the mere passage of trains. The record also discloses that in some of the years for which a recovery for rental damages was had the plaintiff received no rent whatever, while in other years the rent received was insufficient to pay the taxes and fixed charges upon the property. The plaintiff has a frontage of one hundred and five feet on Trinity place, and the natural advantage which his property has by reason of overlooking Trinity churchyard to Broadway, is largely neutralized by the continuous operation of defendants' railroad in front of the premises, not only in the regular passage of trains, but in the traffic incident to switching and making up trains.

The judgment of the court below should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, LANDON and CULLEN, JJ., concur.

Judgment affirmed.