the facts necessary to such an application are not made sufficiently to appear in the papers submitted by him to the court.

The order appealed from should therefore be affirmed, with costs. All concur.

---

(72 App. Div. 108.)

WESTERN UNION TEL. CO. v. SHEPARD et al.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

APPEAL—RECOVERY OF JUDGMENT—CLAIM BY ANOTHER—PENDENCY OF CLAIM—
    DEPOSIT OF RECOVERY.

A deed conveying real estate reserved to the grantor all claims for damages to the conveyed property by reason of the construction of an elevated railway in front of the premises. The grantee sued for the damages, and recovered, but subsequent to his suit the grantor sued, and in such suit the court of appeals reversed a judgment for defendant, and ordered a new trial, holding that the grantor was entitled to any recovery had by the grantee. *Held*, that the grantor was entitled to an order requiring that the grantee execute releases to the railroad, and restraining him from proceedings to collect the judgment, and that on receipt of the releases the railroad deposit the recovery with the chamberlain of the city of New York, and that the grantor give the grantee a bond to pay all interest on any part of the recovery which the grantor might be finally determined not to be entitled to, and for any damages by reason of the injunction, if the grantor were found not entitled to relief in the action.

Appeal from special term, New York county.

Action by the Western Union Telegraph Company against Augustus D. Shepard and others. Appeal from an order directing the defendant Shepard to execute a satisfaction of a judgment recovered by him against the Manhattan Railway Company, and execute certain releases, and that the railway company, on receiving such satisfaction and releases, deposit within a time specified with the chamberlain of the city of New York the amount of the judgment. Modified and affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. G. Peckham, for appellants.
Rush Taggart, for respondent.

McLAUGHLIN, J. This appeal is taken from an order which requires, among other things, that the defendant Shepard satisfy a judgment recovered by him against the defendant railway company and execute and deliver to it certain releases provided in the judgment, and that on receiving the same the railway company, within a specified time, deposit with the chamberlain of the city of New York the amount of the judgment, together with the interest thereon.

The facts set out in the papers upon which the order was made (and such facts were not disputed) were as follows: On the 4th of May, 1872, the plaintiff in this action became the owner of certain real estate situate in the city of New York, and continued to be such owner until the 4th of June, 1888, when it conveyed the same to the defendant Tubbs, subject to the following reservation:

"The party of the first part hereto reserved all claim or right of action against the Manhattan and Metropolitan Elevated Railroad Companies, or

either of them, for any and all injury or damage done to the aforesaid prop-
erty, or to the value or use thereof, in the past, present, or future, by reason
of the construction and operation of the elevated railroad in front of the
said premises as it is now constructed and operated."

By mesne conveyances the title to this real estate vested in J. N.
& L. N. Levy, who, on the 29th day of March, 1889, conveyed it to
the defendant Shepard, and in his deed of conveyance the following
clause or reservation was inserted:

"The damages to said premises arising by reason of the elevated railroad
as now constructed and operated in front of said premises has been re-
served to the Western Union Telegraph Company, a former owner."

The defendant Shepard, after he acquired title, brought an action
against the railway company to recover the damages alleged to have
been sustained by him by reason of the impairment of the easements
of light, air, and access to said premises. The action was prosecuted
to and resulted in a judgment in his favor in excess of $100,000, which
was affirmed by the court of appeals. 169 N. Y. 160, 62 N. E. 151.
This judgment required the railway company to pay to Shepard the
sum of money awarded, and on receipt of which he was required to de-
liver to the railway company a release or conveyance of the property
rights appropriated by it. Some time subsequent to the commence-
ment of the action by Shepard, the Western Union Telegraph Com-
pany commenced this action, the object of which, among others, was
to have it judicially determined that Shepard, in the action brought
by him, was acting in the capacity of a trustee for its benefit, and that
if a recovery were had therein to impress a trust on such recovery
and compel him to pay the same to it. The action coming on for trial,
the complaint was dismissed, and on appeal the same was affirmed by
this court (49 App. Div. 345, 63 N. Y. Supp. 435), but on appeal to the
court of appeals the judgment of the trial term and the order of affirm-
ance by this court were reversed, and a new trial ordered (169 N. Y.
170, 62 N. E. 154), that court holding, as we understand the decision,
that while conveyance from the Western Union Telegraph Company
to Tubbs carried with it all the easements and the right to recover
damages for an invasion thereof, yet the reservation of such damages,
in case a recovery was had therefor, belonged to the grantor, the West-
ern Union Telegraph Company; that Shepard, the owner of the fee,
took title subject to such reservation, and, in the prosecution of the
action by him, he simply occupied the position of a trustee for the
Western Union Telegraph Company, and that in equity his recovery
belonged to it; that it was competent for the Western Union Tele-
graph Company to agree with Tubbs, as a part of the consideration for
the conveyance, that any recovery thereafter had, either for past, pres-
ent, or future damages, should belong to the grantor. In this connec-
tion the court, referring to the reservation, said:

"In its letter, it is a reservation of all claim or right of action against the
railroad companies for damages, past, present, or future. Both parties there-
by intended to agree that the plaintiff should have the benefit of the claim
for damages, and the reservation of the cause of action for them was intend-
ed to give the plaintiff the remedy or means of securing them. It is mani-
fest, as between the parties to the deed, the claim to the damages was to
remain, and did remain, with the plaintiff, although, as between the gran-

tee and the railroad company, the right to the cause of action to recover them passed to the grantee. * * * Upon the facts, the defendant Shepard, ex æquo et bono, has no right to withhold the proceeds of his recovery from the plaintiff. If he received the proceeds, he does so as trustee for the plaintiff."

After the decision by the court of appeals in this and the Shepard action, the plaintiff herein obtained an order requiring Shepard to execute a satisfaction of the judgment recovered by him against the railway company, and to give the releases therein provided, and requiring the railway company, on receipt of the same, to pay, within a specified time, the amount of the recovery to the chamberlain of the city of New York. It is from this order that the present appeal is taken. The law as laid down by the court of appeals on the appeal from the judgment dismissing the complaint in this action is the law of the case. It is not only binding upon this court, but fixes and determines for all time to come, upon the facts as then presented, the rights of the respective parties; and unless the facts established upon the first trial be materially changed on the second trial ordered, the plaintiff herein is entitled to Shepard's recovery, on the theory that Shepard has, in the prosecution of his action, been acting simply as its trustee. If this be true, then he ought not to be permitted to receive, against its objection and protest, the amount recovered. Nor ought the railway company to be compelled, while Shepard and the telegraph company are settling their differences, to pay interest upon the recovery, or be deprived of the releases to which it is entitled. Under such circumstancs, it is eminently proper that the railway company should be permitted to pay the amount of the award and have the judgment recovered against it satisfied, and that Shepard should give the releases directed. But this payment ought not to be made to the prejudice of either of the parties to this action. It is, therefore, equally proper that such payment should be made to the chamberlain of the city of New York, to be held by him until after the determination of the issues involved in this action. But inasmuch as Shepard has a final judgment in the action brought by him which entitled him to receive the money, and the telegraph company has no judgment, but simply rests its claim upon the assertion that it is entitled to one, we think that the telegraph company should give to Shepard an undertaking to the effect that it will pay to him interest upon that part of the award, if any, which it may be finally determined that the telegraph company was not entitled to, and also for any and all damages that he may sustain by reason of the injunction, if it likewise be determined that it was not entitled to the relief asked in this action.

The order appealed from, therefore, must be modified as indicated in this opinion, and, as thus modified, affirmed, without costs to either party.

VAN BRUNT, P. J., and O'BRIEN and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.